STRONG v. UNITED STATES.[1]

(*Circuit Court, S. D. Alabama.* June 17, 1889.)

APPEAL—FROM DISTRICT COURT—CLAIMS AGAINST UNITED STATES.

By act Cong. March 3, 1887, the district court is given concurrent jurisdiction with the court of claims "where the amount of the claim does not exceed $1,000," and the same right to appeal and take writs of error is given to the plaintiff or the United States as "now reserved in the statutes of the United States in that behalf made." *Held*, that the statutes referred to as reserving the right to appeal and take writs of error were those relating to appeals and writs of error from judgments of the court of claims to the supreme court, and that in such cases the circuit courts have no jurisdiction of appeals from, and writs of error to, the district courts. *U. S. v. Davis*, 9 Sup. Ct. Rep. 657, followed.

Appeal from, and Error to, District Court. 34 Fed. Rep. 17.
On motions to dismiss the appeal and writ of error.
*Geo. H. Patrick*, for appellant.
*M. D. Wickersham*, U. S. Dist. Atty.
Before LAMAR, Justice, and PARDEE, J.

LAMAR, Justice, (*orally.*) The account which was the foundation of the action having been previously made out, submitted to, and approved by, the district court, was presented for payment to the treasury department. The comptroller of that department allowed a portion of the account, but disallowed the balance. To recover this balance suit was brought. The court below found that the balance due, after deducting the sum paid by the government, (which was credited upon the account,) was $181, and rendered judgment accordingly. From this judgment the present appeal and writ of error are taken. The motion to dismiss rests upon two grounds. We deem it necessary to consider only the

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

first ground, viz., that neither an appeal nor a writ of error will lie to the circuit court from a judgment of a district court in cases brought under the statute of March 3, 1887. The appellant bases his claim to the right of appeal or writ of error, as the case may be, on the following language of the act, (section 9:)

"That the plaintiff or the United States, in any suit brought under the provisions of this act shall have the same rights of appeal or writ of error as are now reserved in the statutes of the United States in that behalf made, and upon the conditions and limitations therein contained. The modes of procedure in claiming and perfecting an appeal or writ of error shall conform in all respects, and as near as may be, to the statutes and rules of court governing appeals and writs of error in like causes." 24 U. S. St. at Large, 507.

The question to be considered and determined is, what statutes are here referred to as reserving the right of appeal to the plaintiff or to the United States? Are they the statutes generally governing appeals and writs of error, or are they those which specially govern writs of error and appeals in the court of claims? The expressly declared purpose of the act is to give to the United States district and circuit courts concurrent jurisdiction with the court of claims, not only as to the classes of cases already within its cognizance, but also as to the new classes of cases embraced within the enlarged jurisdiction conferred by the act under consideration. The fourth section of the act provides—

"That the jurisdiction of the respective courts of the United States proceeding under this act, including the right of exception and appeal, shall be governed by the law now in force, in so far as the same is applicable and not inconsistent with the provisions of this act; and the course of procedure shall be in accordance with the established rules of said respective courts, and of such additions and modifications thereof as said courts may adopt."

We think the general scope and purpose of the act negatives the contention that any larger right of appeal is allowed in the district or circuit courts than is by the then existing statutes allowed in the court of claims. In other words, the peculiar nature of this enactment, and its special object, giving, as it does, a new field of jurisdiction to the United States courts, making it the same as the jurisdiction of the court of claims, within a limited amount, and the indications of the intention of congress found in the context of the act, restrain the general words of section 9, relied upon by the attorney for appellant. The supreme court of the United States has already passed upon the question of the interpretation of this section in *U. S.* v. *Davis*, and *U. S.* v. *Schofield*, which were considered and determined together. The decisions in those cases were announced on the last day of the late term of the court, and will be found in 131 U. S. 36, 9 Sup. Ct. Rep. 657. Schofield and Davis each filed their respective petitions in the district court of the United States for the district of Maryland, under the act of 1887, and each obtained judgment for $25. A motion was filed by the appellee in each of those cases to dismiss the appeal upon the grounds that an appeal would not lie to the supreme court from a district court performing the appropriate duty of the district court; that the supreme court had no jurisdiction to re-examine judgments of the circuit or district courts since the act of February

16, 1875, in such actions, unless the matter in dispute should exceed the sum of $5,000, exclusive of costs; and that the United States are not entitled to a writ of error or appeal if the same remedy is afforded under similar circumstances to a private party.   In passing upon this question, the court said, (page 39, 131 U. S., and page 658, 9 Sup. Ct. Rep.:)

"By the act under which these suits w. e brought the district court was given concurrent jurisdiction with the court of claims as to matters of which that court had jurisdiction, ' where the amount of the claim does not exceed one thousand dollars,' and the same right of appeal was given to the plaintiff or the United States as ' now reserved in the statutes of the United States in that behalf made.' Section 707 of the Revised Statutes reads: ' An appeal to the supreme court shall be allowed, on behalf of the United States, from all judgments of the court of claims adverse to the United States, and on behalf of the plaintiff in any case where the amount in controversy exceeds three thousand dollars, or where his claim is forfeited to the United States by the judgment of said court, as provided in section one thousand and eighty-nine.' By section 708, such appeals must be taken within ninety days after the judgment is rendered; but this period is enlarged to six months by section 10 of the act in question.   Inasmuch as the object of the latter act was to enable the district and circuit courts to exercise concurrent jurisdiction with the court of claims in respect to suits against the United States, as therein provided, in our judgment the right of appeal reserved to the government ' in the statutes of the United States in that behalf made,' before the enactment of this act, was the right of appeal reserved in the statutes relating to the court of claims, and as that right could be exercised by the United States in the instance of any judgment of the court of claims adverse to the United States, it follows that the same right can be exercised by the United States in any case of the prosecution of a claim in the district or circuit courts of the United States under said act."

The motions to dismiss in those cases were overruled; and, for the same reason given by the court, the motion in this case must be granted, and the appeal is dismissed.   A like order will be entered by the clerk upon the motion to dismiss the writ of error.

PARDEE, J., concurred.