## BAXTER *v.* UNITED STATES OF AMERICA.

*(Circuit Court of Appeals, Eighth Circuit. August 9, 1892.)*

### No. 114.

**1. DISTRICT ATTORNEYS—PER DIEM FEES.**

Rev. St. U. S. § 824, provides that a district attorney shall be allowed five dollars a day for the time necessarily employed in examining, before a judge or commissioner, a person charged with crime, and "for each day of his attendance in a court of the United States, on the business of the United States, * * * $5." Section 831 provides that, "when the circuit and district courts sit at the same time," he shall be allowed only for attendance on one court. *Held,* that a district attorney who is in attendance upon a federal court, and also on the same day, conducts the examination, before a commissioner, of a person charged with crime, is entitled to only one *per diem* fee for the day.

**2. SAME—MILEAGE.**

Under Rev. St. § 824, providing that the district attorney shall be allowed, "for traveling from the place of his abode to the place of holding any court of the United States in his district, * * * 10 cents a mile for going and 10 cents a mile for returning," a district attorney in attendance on a federal court is not entitled to mileage for going to and returning from his home during an adjournment over Sunday.

**3. SAME—INTEREST ON ACCOUNTS.**

A district attorney is not entitled to interest on his accounts for a period intervening between the time of their allowance by the treasury department and the time of their payment.

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by George N. Baxter to recover for services and travel as United States district attorney. Judgment for plaintiff as to some of the items of his claim, others being disallowed. A writ of error sued out by defendant was dismissed on plaintiff's motion. See 51 Fed. Rep. 624. Plaintiff also brings error to review the judgment as to the items disallowed. Affirmed.

Statement by SANBORN, Circuit Judge:

This was a writ of error to review a judgment of the United States circuit court for the district of Minnesota, rendered in an action brought by the plaintiff in error, who was United States district attorney for that district, from December 11, 1885, until January 11, 1890, to recover for mileage, fees, and emoluments, under the provisions of chapter 359, 24 St. at Large, p. 505. In the discharge of his official duties, plaintiff frequently and necessarily attended a court of the United States, and conducted the examinations before United States commissioners of persons charged with crime on the same days. He was paid five dollars a day for attendance in the court on these days, and in this suit sought to

recover an additional *per diem* for conducting these examinations before the commissioners on these days, for which he had received a *per diem* for attendance in court. The court below refused to permit him to recover, and he excepted to this refusal.

Plaintiff's place of abode was Faribault, Minn., a city about 50 miles distant from St. Paul, Minn., where the larger portion of the business of the courts of the United States was transacted. He was paid his mileage for going from his place of abode to the place of holding the court and returning, once at every session of either of these courts; but many times during the sessions of the courts he traveled to Faribault on a Saturday evening, and returned to the court on Monday morning. There was no testimony that this travel was necessary, and the court below did not find it to be so. For this travel plaintiff sought to recover mileage in this action, and the court refused to permit him so to do, to which refusal he excepted.

The accounts of the plaintiff, which were audited, allowed, and paid by the United States during his term, were not paid when they were allowed, respectively, and plaintiff sought in this action to collect interest on the amounts of said accounts from the times they were respectively allowed by the treasury department to the times when they were paid, but the court refused to permit such recovery. The plaintiff assigns the disallowance of these three claims by the court below as error in this court.

*George N. Baxter*, for plaintiff in error.

*Eugene G. Hay*, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

1. Where the United States district attorney is in attendance upon a court of the United States on its business, and also conducts the examination before a commissioner of persons charged with crime on the same day, he can recover of the United States but one *per diem* for that day. The following provisions of the Revised Statutes are important here:

"Sec. 823. The following, and no other, compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, to district attorneys, clerks of the circuit and district courts. * * * Sec. 824. * * * For examination by a district attorney before a judge or commissioner of persons charged with crime, five dollars a day for the time necessarily employed. For each day of his attendance in a court of the United States, on the business of the United States, when the court is held at the place of his abode, five dollars; and for his attendance when the court is held elsewhere, five dollars for each day of the term." "Sec. 831. * * * When the circuit and district courts sit at the same time, no greater *per diem* or other allowance shall be made any such officer than for attendance upon one court."

The provision of the section last cited forcibly indicates the construction which should be given to section 824. It would hardly be presumed in the first instance that a district attorney would necessarily attend in a court of the United States on its business, and conduct an

examination before a commissioner at the same time or on the same day, but it was well known to congress that the circuit and district courts were frequently sitting at the same time, in the same courthouse, and often in the same room; hence, out of an abundance of caution, they provided that, if the attorney necessarily attended both these courts on the same day, on the business of the United States, he should receive but one *per diem.* This provision certainly raises a strong presumption that it was not the intention of congress to allow the attorney more than one *per diem* for the same day in any case.

But it is urged that the *per diem* for attendance upon the court is a compensation for the loss of time, and is earned by simple attendance, when no actual service is performed, while the *per diem* for conducting the examination of persons charged with crime is a compensation for services actually rendered, and that, therefore, it is not inconsistent with the statute to permit the attorney to recover compensation for attending court and losing his time, and for examining a prisoner before a commissioner and saving his time on the same day. The statement of the proposition is its own refutation. The theory and purpose of each clause of the statute is to pay the district attorney certain wages for the use or loss of his time for a single day. The compensation in each case is measured, not by the character of the service rendered, or by the value of the results attained, but by the length of the time occupied; it is five dollars for one day. To hold that under such a statute the district attorney could recover $10 for the same day, $5 for its use or loss in the court, and $5 for its use before a commissioner, is not warranted by the letter of the statute, and would be a clear violation of its spirit. *Fletcher* v. *U. S.*, 45 Fed. Rep. 213, 216; 9 Op. Attys. Gen. 292.

2. Where a court of the United States is in continuous session, and a district attorney is necessarily in constant attendance thereon on the business of the United States, he cannot recover mileage for travel in going from the place of holding court to the place of his abode, and returning again to the place of holding the court, on adjournments over Sundays or legal holidays during such continuous session, although he actually performs the travel. Section 824 of the Revised Statutes provides that the district attorney shall be allowed "for traveling from the place of his abode to the place of holding any court of the United States in his district, * * * ten cents a mile for going and ten cents a mile for returning." The act of congress of February 22, 1875, (18 St. p. 333,) provides that "no such officer or person shall become entitled to any allowance for mileage or travel not actually and necessarily performed under the provisions of existing laws." It may be conceded that where, during the term, the court adjourns over one or more juridical or business days, the district attorney, whose constant attendance is required during the session of the court, may, at the adjournment, go to his place of abode, and again return at the reopening of the court, and that for this travel he may be allowed his mileage. This is the effect of the decision in *Harmon* v. *U. S.*, 43 Fed. Rep. 560–566; and it is not unreasonable, because, where the continuous ses-

sion of the court is interrupted by an adjournment over intervening business days, the officers of the court may well have the right to return to their places of abode, and there pursue their ordinary avocations, until court again opens. In such cases the district attorneys are not required to await in idleness the reopening of the court, and the courts may well presume that it is necessary that they should return to their places of abode, and utilize every intervening juridical day in the active practice of their profession.

But this rule has no application to an adjournment over Sunday. Such an adjournment is of the same nature as an adjournment over night. Plaintiff might have gone to his place of abode every evening and returned every morning, but it would hardly be claimed that a trip of 100 miles every night, if actually taken, would have been necessarily taken because plaintiff preferred to spend the night in Faribault rather than in St. Paul. There is no evidence in this case that it was necessary for plaintiff to go home every Saturday night when he knew he must be in St. Paul the succeeding Monday morning, and the court below expressly declined to find the existence of such a necessity. Between Saturday night and Monday morning there was no intervening time that could be devoted to secular pursuits, and the only conclusion that can be drawn from the record or the findings of the court below is that the plaintiff went to Faribault each Saturday night, and returned each Monday morning, because it was more pleasant and agreeable to him to spend his Sundays at home than in St. Paul.

Again, the statute does not authorize the allowance of mileage to the district attorney to go from the place of holding court to his place of abode and return, and each of the trips whose mileage was disallowed was of this character. At the commencement of each trip the district attorney was at the place of holding the court. He had charged for and was subsequently paid his mileage for traveling from his place of abode to this place of holding the court, to be in attendance upon it. The court was in continuous session every juridical day. His official business was not completed, but required his attendance upon the next succeeding juridical day, when, for his own comfort and convenience, he traveled away from the place of holding the court, remained over Sunday, and then returned. Clearly, mileage for such travel cannot and ought not to be allowed, because it was not necessarily performed in the discharge of the duties of his office, because there was no provision of the statutes authorizing the allowance of mileage for travel from the place of holding court to the district attorney's place of abode and return, and because to allow it in this day, when a night's ride of many miles is easy of accomplishment and even agreeable, would soon lead to great abuses. Where there is no adjournment of the court over intervening juridical days during the term, a district attorney is entitled to mileage for travel from his place of abode to the place of holding the court, and for travel in returning therefrom to his place of abode, once, and once only, for each term of the court he necessarily attends in the discharge of his official duties.

3. In the absence of any contract to pay interest, and in the absence of any statute allowing interest, none can be recovered against the United States upon unpaid accounts or claims against it, although they are just and have been allowed by the treasury department. *U. S. v. Bayard,* 127 U. S. 251, 260, 8 Sup. Ct. Rep. 1156, and authorities there cited; *Tillson* v. *U. S.,* 100 U. S. 43, 47. Not only was there no stipulation to pay interest on the part of the United States, and no statute authorizing its payment in the case at bar, but when it is considered that the act of congress which permits the maintenance of this suit against the United States gave original jurisdiction thereof to the court of claims, and concurrent jurisdiction to the court below, section 1091 of the Revised Statutes, in effect, prohibits the allowance of any interest upon such a claim as plaintiff's until it is reduced to judgment. That section reads: " No interest shall be allowed on any claim up to the time of the rendition of the judgment therefor by the court of claims, unless upon a contract expressly stipulating for the payment of interest." The result is that the court below committed no error in the rulings of which plaintiff in error complains, and the judgment below is affirmed.