UNITED STATES v. FLETCHER.[1]

(Circuit Court of Appeals, Fourth Circuit. February 7, 1894.)

No. 57.

APPEAL—WRIT OF ERROR—REVIEW—CLAIMS AGAINST THE UNITED STATES.

A petition filed in the circuit court under the act of March 3, 1887, by a clerk of court, to recover fees, is properly regarded as an action at law when debt or assumpsit would lie on the facts stated therein; and the judgment can only be reviewed by writ of error, and not by appeal.

Appeal from the Circuit Court of the United States for the Western District of Virginia.

Petition by A. K. Fletcher against the United States to recover certain fees for services rendered as clerk of the United States district and circuit courts. Judgment was rendered for plaintiff, and an appeal allowed on petition of the United States.

A. J. Montague, U. S. Atty., for appellant.

O. B. Roller, for the United States.

Before GOFF, Circuit Judge, and SEYMOUR and SIMONTON, District Judges.

GOFF, Circuit Judge. The plaintiff below filed his petition under the act of congress approved March 3, 1887, (24 Stat. 505,) against the United States, to recover certain sums claimed to be due him as fees for the performance of services rendered as clerk

[1] Rehearing denied February 16, 1894.

of the United States district and circuit courts. The petition was filed in the United States circuit court for the western district of Virginia, at Harrisonburg, on the 20th day of August, 1891, the plaintiff claiming that the sum of $1,399.73 was so due him by the United States. The district attorney appeared and conducted the defense. The case was finally heard by the court on the 8th day of March, 1893, when judgment was rendered for the plaintiff for the sum of $1,173.53, with interest thereon from that date at the rate of 4 per cent. per annum, and costs. The United States, acting by the district attorney, on the 18th day of August, 1893, presented a petition for an appeal from said judgment, together with an assignment of errors, and an appeal was allowed to this court.

It is claimed by the appellee that an appeal did not, under the law and the rules of court, lie to this court from said decision; that the proceeding in the court below was not a suit in equity, but an action at law, and, as no bill of exceptions was taken at the time judgment was rendered, and no writ of error ever applied for and obtained, that the judgment must be affirmed.

The mode of procedure, under the act mentioned, in the district and circuit courts of the United States, has not been uniform. In some instances the suits have been conducted as actions at law, and in others as petitions in equity. They were doubtless regulated by the rules of the courts, respectively, in which they were determined, the act referred to giving the courts the power to make and modify rules special to such cases. In the court in which this case was tried, no special rules under said statute had been adopted, and the general laws and rules thereunder applied to all actions instituted therein.

The congress certainly intended that suits at law, in equity, and in admiralty might be brought under this act. The provisions that the plaintiff shall file a petition, and that the case shall be tried by the court without a jury, do not of themselves, as is claimed, make all proceedings under said legislation suits in equity, and do not regulate the manner of proceeding after suits shall have been instituted, which is to be determined by the well-established rules of practice and the laws applicable to the cases so provided for. That the distinctions existing, when the act was passed, between suits at law, in equity, and in admiralty, were preserved, is plain, and that the proceedings under it were to be regulated by then existing laws and rules, so far as the same were applicable to such suits at law, in equity, and in admiralty, unless modified by rules adopted under the authority of said act, is, we think, equally clear. The writ of error is provided for in order to correct errors in the trial court in actions at law, and an appeal is allowed in equity and admiralty cases, it being especially provided in said act that such proceedings shall be as is usual in like causes.

This case was properly, we think, regarded by the trial judge as an action at law. Debt or assumpsit could have been maintained on the facts recited in the petition. It cannot be held that equity, under the general and usual rules and grounds of jurisdiction, could entertain such a suit, and we do not find that the juris-

diction is specially given in said act. The action contemplated by the third section of the act would be on the equity side of the court; but the facts and circumstances, the property claimed or proceeded against, as set forth in the petition filed in the cases elsewhere provided for by said legislation, would determine the character of the litigation and its place upon the dockets of the court.

It does not appear that the defendant excepted, at the time, to either the rulings, findings, or judgment of the court, or that a bill of exceptions was presented, signed, and made part of the record, as required by law and the rules made thereunder. · As the case was properly on the law side of the court, and as it is now too late to remedy said omissions, it follows that this court cannot grant the relief prayed for, even if error has been committed, as to which, under the circumstances, no opinion is expressed. The order purporting to grant an appeal was improvidently awarded.

For the reasons given, the judgment of the court below is affirmed.