## UNITED STATES v. MORGAN.

(Circuit Court of Appeals, Eighth Circuit. September 24, 1894.)

No. 432.

CIRCUIT COURT OF APPEALS—JURISDICTION.
The United States have a right to appeal to the circuit court of appeals from an adverse judgment in the circuit court in a suit by a clerk of a district court to recover his fees under act March 3, 1887.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

This was an action by William Morgan against the United States to recover his fees as clerk of the district court for the eastern district of Missouri. From a judgment for plaintiff, defendant appealed. The appellee now moves to dismiss the appeal.

Joseph Dixon and Eleneious Smith, filed brief in support.
William H. Clopton and Walter D. Coles, filed brief against.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The appellee, William Morgan, moves to dismiss this appeal on the ground that this court has no jurisdiction to review the judgment below, because the case is not brought here by writ of error. The judgment from which the appeal is taken was rendered in a suit brought by the appellee to recover from the United States his fees as clerk of the district court for the eastern district of Missouri under the provisions of the act of congress entitled "An act to provide for the bringing of suits against the government of the United States," approved March 3, 1887 (24 Stat. c. 359, p. 505; 1 Supp. Rev. St. p. 559). In support of this motion the appellee cites the decision of the circuit court of appeals in the fourth circuit in U. S. v. Fletcher, 8 C. C. A. 453, 60 Fed. 53. Prior to the passage of the act of March 3, 1887, the court of claims had exclusive jurisdiction of suits of the nature of that upon which this judgment is based. Rev. St. § 1059. The only provision for a review of the judgments rendered in such suits was contained in section 707 of the Revised Statutes, which reads as follows:

"An appeal to the supreme court shall be allowed on behalf of the United States from all judgments of the court of claims adverse to the United States, and on behalf of the plaintiff in any case where the amount in controversy exceeds three thousand dollars, or where his claim is forfeited to the United States by the judgment of said court as provided in section one thousand and eighty-nine."

The first, second, ninth, and tenth sections of the act of March 3, 1887, are as follows:

"Be it enacted," etc., "that the court of claims shall have jurisdiction to hear and determine the following matters: First. All claims founded upon

the constitution of the United States or any law of congress, except for pensions, or upon any regulation of the executive department, or upon any contract, expressed or implied, with the government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable. Provided, however, that nothing in this section shall be construed as giving to either of the courts herein mentioned, jurisdiction to hear and determine claims growing out of the late civil war, and commonly known as 'war claims,' or to hear and determine other claims, which have heretofore been rejected, or reported on adversely by any court, department, or commission authorized to hear and determine the same. Second. All set-offs, counter-claims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the government of the United States against any claimant against the government in said court: provided, that no suit against the government of the United States, shall be allowed under this act unless the same shall have been brought within six years after the right accrued for which the claim is made.

"Sec. 2. That the district courts of the United States shall have concurrent jurisdiction with the court of claims as to all matters named in the preceding section where the amount of the claim does not exceed one thousand dollars, and the circuit courts of the United States shall have such concurrent jurisdiction in all cases where the amount of such claim exceeds one thousand dollars and does not exceed ten thousand dollars. All causes brought and tried under the provisions of this act shall be tried by the court without a jury."

"Sec. 9. That the plaintiff or the United States, in any suit brought under the provisions of this act shall have the same rights of appeal or writ of error as are now reserved in the statutes of the United States in that behalf made, and upon the conditions and limitations therein contained. The modes of procedure in claiming and perfecting an appeal or writ of error shall conform in all respects, and as near as may be, to the statutes and rules of court governing appeals and writs of error in like causes.

"Sec. 10. That when the findings of fact and the law applicable thereto have been filed in any case as provided in section six of this act, and the judgment or decree is adverse to the government, it shall be the duty of the district attorney to transmit to the attorney general of the United States certified copies of all the papers filed in the cause, with a transcript of the testimony taken, the written findings of the court, and his written opinion as to the same; whereupon the attorney general shall determine and direct whether an appeal or writ of error shall be taken or not; and when so directed the district attorney shall cause an appeal or writ of error to be perfected in accordance with the terms of the statutes and rules of practice governing the same: provided, that no appeal or writ of error shall be allowed after six months from the judgment or decree in such suit. From the date of such final judgment or decree interest shall be computed thereon, at the rate of four per centum per annum, until the time when an appropriation is made for the payment of the judgment or decree."

The act of March 3, 1891, creating the circuit courts of appeals provided that: "The review, by appeal, by writ of error, or otherwise, from the existing circuit courts shall be had only in the supreme court of the United States, or in the circuit courts of appeals hereby established, according to the provisions of this act regulating the same" (section 4), and then provided that the circuit courts of appeals established by the act should exercise appellate jurisdiction to review by appeal or by writ of error final decisions of the circuit courts in suits of the nature of that at bar. Section 6. 26 Stat. c. 517, p. 826; 1 Supp. Rev. St. p. 901.

It may be conceded that a writ of error is the proper process for the review of an action at law in the absence of legislation specify-

ing any other method of review, and that the action on which this judgment is based is in the nature of an action at law. It is worthy of notice, however, that the act of March 3, 1887, expressly provides the course of procedure from the inception of this suit to its conclusion. It provides in section 5 that the plaintiff shall file his petition, that it shall be verified, what it shall state, and the prayer it shall contain. In section 2 it provides that all causes brought and tried under it shall be tried by the court without a jury, and in section 7 that the court shall file a written opinion in the cause, which shall set forth the specific findings by the court of the facts therein, and the conclusions of the court upon all questions of law invol,ed in the case, and shall render judgment thereon. An appeal is certainly not an inconvenient nor an inappropriate method of reviewing a judgment on the record that such a procedure preserves. But we are not left to arguments from convenience or expediency here. Actions against the government cannot be maintained under the common law. They are the creatures of the statute that permits them to be, and must be governed and limited by its provisions. The law in force when the act of 1887 was passed expressly granted to the United States the right to review by appeal every judgment against them in actions of the nature of that at bar. Rev. St. § 707, supra. The act of 1887, the primary object of which was to give to the circuit and district courts concurrent jurisdiction with the court of claims over this and all other actions specified in section 1 of the act, expressly provides in section 4 that the right of exception and appeal in all proceedings under that act shall be governed by the law then in force. As the law then in force gave the United States this right to review all judgments in actions of the nature of that before us by appeal, this provision, in our opinion, not only failed to deprive them of that right, but expressly reserved it to them. It goes without saying that if the United States had this right of appeal from such judgments to the supreme court after the act of 1887, they have the right to appeal from them to this court under the act creating it. In our opinion, that right exists, and this court has jurisdiction to review the judgment below on this appeal. U. S. v. Davis, 131 U. S. 36, 9 Sup. Ct. 657; Strong v. U. S., 40 Fed. 183. The motion to dismiss the appeal is denied.