## UNITED STATES v. ADY.

(Circuit Court of Appeals, Eight Circuit. September 28, 1896.)

### No. 634.

1. REVIEW OF JUDGMENT—APPEAL—WRIT OF ERROR.

Judgments of the circuit courts in suits against the United States, under the act of March 3, 1887, may be reviewed in the circuit courts of appeals, either by appeal or by writ of error. Chase v. U. S., 15 Sup. Ct. 174, 155 U. S. 489, followed.

2. SAME—REVIEW OF FINDING OF FACTS.

In such cases the question whether the findings of fact made by the lower court support its conclusions of law may be reviewed by the circuit courts of appeals, without exceptions taken, upon seasonable assignments of error.

**8. DISTRICT ATTORNEYS—EXTRA SERVICES—COMPENSATION.**

The acts of congress regulating the pay of district attorneys impose three conditions precedent to the recovery of any extra compensation: (1) The services must be such as he is not obliged to perform; (2) extra compensation must be authorized by law; and (3) there must be an appropriation expressly therefor.

**4. SAME.**

A district attorney is not entitled to extra compensation for services rendered by direction of the attorney general, in examining the titles to sites for public buildings, in taking depositions in his district in an action pending in another district, in defending officers of the army in suits against them for acts done in the line of their duties, or in preparing briefs in or arguing cases to which the United States is a party.

In Error to the District Court of the United States for the District of Kansas.

W. C. Perry, for plaintiff in error.

J. W. Ady, Samuel R. Peters, and John C. Nicholson, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. Joseph W. Ady, the defendant in error, was United States district attorney for the district of Kansas from November 11, 1889, until September 7, 1893. He sued the United States under the provisions of the act of congress entitled "An act to provide for the bringing of suits against the government of the United States," approved March 3, 1887 (24 Stat. 505, c. 359; 1 Supp. Rev. St. [2d Ed.] 559), to recover the reasonable value of special services, which he claimed to have rendered in 1891 and 1893. He obtained a judgment, and the United States sued out this writ of error to reverse it.

A motion has been made by the defendant in error to dismiss the writ on three grounds: Because the act of March 3, 1887, authorizes the review of such a judgment by appeal only; because the government took no exceptions to the findings and conclusions of the court below; and because the supreme court alone is authorized to review such a judgment. The supreme court of the United States has decided the questions presented by this motion, and it must be denied in accordance with the opinions rendered in Chase v. U. S., 155 U. S. 489, 495–500, 15 Sup. Ct. 174–176; Bank v. Peters, 144 U. S. 570, 12 Sup. Ct. 767; and Ogden v. U. S., 148 U. S. 390, 13 Sup. Ct. 602. See, also, U. S. v. Davis, 131 U. S. 36, 39, 9 Sup. Ct. 657, 658; U. S. v. Perry, 4 U. S. App. 386, 1 C. C. A. 648, and 50 Fed. 743; Baxter v. U. S., 10 U. S. App. 243, 2 C. C. A. 411, and 51 Fed. 671; Campbell v. U. S., 27 U. S. App. 666, 13 C. C. A. 128, and 65 Fed. 777; and U. S. v. Morgan, 27 U. S. App. 410, 12 C. C. A. 6, and 64 Fed. 4. These decisions establish the rule that judgments of the circuit courts under the act of March 3, 1887, supra, may be reviewed in the circuit courts of appeals, either by appeal or by writ of error; and the question whether the findings of fact made by the lower court support its conclusions of law may be reviewed without exceptions, upon seasonable assignments of error.

The defendant in error founds his right to the judgment he obtained below upon the proposition that the services for which he claimed compensation in this action were not such as he was required to render by virtue of his official position, but were special services, which he was lawfully requested to render by the heads of departments of the government, and for which he was entitled to such reasonable compensation as the attorney general should allow, in addition to the salary or compensation prescribed by congress for the discharge of his ordinary duties. The counsel for the government insists, on the other hand, that the compensation or salary fixed by the acts of congress covered these services, and that the heads of the departments of the government were not authorized by law to subject the United States to any liability on account of them beyond that fixed compensation. The services consisted (1) of examining the titles to sites for public buildings, and rendering opinions as to their validity, at the request of the secretary of the treasury; (2) of attending to the taking of a deposition at the request of the attorney general in the district of Kansas, in a suit between the United States and the First National Bank of New York, which was pending in the state of New York; (3) of defending, at the request of the attorney general, certain officers of the army against suits brought against them for acts which they claimed to have done in the discharge of their duties as such officers; and (4) of preparing a brief, and making an oral argument before this court, outside the district of Kansas, at St. Paul, in the case of U. S. v. Trans-Missouri Freight Ass'n, 19 U. S. App. 36, 7 C. C. A. 15, and 58 Fed. 58, by direction of the attorney general. The action was brought to recover the reasonable value of these services. It was conceded that they were of the value charged in the petition; that the amounts claimed for them had been allowed in the usual course by the judge of the United States district court for the district of Kansas, and by the attorney general. The amounts thus allowed were treated by the accounting officers of the government as a part of the fees, charges, and emoluments to which the district attorney was entitled by reason of the discharge of the duties of his office, and he was allowed and paid by their direction at the rate of $6,000 a year during the time when these services were rendered; but he was refused any further payment, although the value of these services raised the earnings of his office above the maximum. It is for this excess above the compensation fixed by the acts of congress that this judgment was rendered.

Section 833 of the Revised Statutes provides that every district attorney shall make a semiannual return "of all the fees and emoluments of his office, of every name and character."

Section 834 provides that the preceding section shall not apply to the fees and compensation allowed to district attorneys by section 825 (which gives them a percentage on moneys collected by them under the revenue laws) and section 827 (which allows them compensation for the defense of revenue officers in certain cases), but that "all other fees, charges, and emoluments to which a district attorney * * * may be entitled by reason of the discharge of

the duties of his office, as now or hereafter prescribed by law,
* * * shall be included in the semiannual return."

Section 835 is:

"No district attorney shall be allowed by the attorney general to retain of the fees and emoluments of his office which he is required to include in his semiannual return, for his personal compensation, over and above the necessary expenses of his office, including necessary clerk hire, to be audited and allowed by the proper accounting officers of the treasury department, a sum exceeding six thousand dollars a year, or exceeding that rate for any time less than a year."

Section 823 reads:

"The following and no other compensation shall be taxed and allowed to attorneys, solicitors and proctors in the courts of the United States, to district attorneys, clerks of the circuit and district courts, marshals, commissioners, witnesses, jurors, and printers in the several states and territories, except in cases otherwise expressly provided by law. But nothing herein shall be construed to prohibit attorneys, solicitors, and proctors from charging to and receiving from their clients, other than the government, such reasonable compensation for their services, in addition to the taxable costs, as may be in accordance with general usage in their respective states, or may be agreed upon between the parties."

Sections 824 to 827 inclusive prescribe the fees that may be allowed and taxed to district attorneys and other officers.

Sections 1764 and 1765 are:

"Sec. 1764. No allowance or compensation shall be made to any officer or clerk, by reason of the discharge of duties which belong to any other officer or clerk in the same or any other department; and no allowance or compensation shall be made for any extra services whatever, which any officer or clerk may be required to perform, unless expressly authorized by law.

"Sec. 1765. No officer in any branch of the public service, or any other person whose salary, pay or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance or compensation."

It would be difficult to state more clearly than these provisions of the acts of congress do the rule that the compensation which they prescribed for the discharge of the duties of the office of district attorney shall be his only compensation, or to prohibit more positively the allowance of any additional compensation "for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance or compensation." They impose three conditions precedent to the recovery by a district attorney of any compensation beyond that prescribed by these statutes, namely: The services must have been such as he was not required to perform in the discharge of the duties of his office; the extra compensation for his services must have been authorized by law; and there must have been an appropriation therefor which explicitly stated that it was for such extra compensation. The only attempt to show that these conditions governed the services here in question consists in the citation of section 3 of the act making appropriations for the legislative, executive, and judicial expenses of the government, approved June 20, 1874 (18 Stat. 109, c. 328), which reads:

"Sec. 3. That no civil officer of the government shall hereafter receive any compensation or perquisites, directly or indirectly, from the treasury or property of the United States beyond his salary or compensation allowed by law: provided, that this shall not be construed to prevent the employment and payment by the department of justice of district attorneys as now allowed by law for the performance of services not covered by their salaries or fees."

—And a reference to the fact that a similar act of 1888 (25 Stat. 545) and acts of subsequent years contain clauses appropriating certain sums of money "for payment of district attorneys, the same being for payment of such special compensation as may be fixed by the attorney general for services not covered by salary or fees."

But there is nothing in these provisions which modifies the positive inhibition of the statutes which have been cited, or tends to show that the services rendered by the defendant in error were not covered by his salary or fees, or that extra compensation for them was expressly authorized by law.  These acts of congress nowhere expressly provide that a district attorney shall receive, in addition to his salary, the reasonable value of his services in examining the titles to sites for public buildings, in taking a deposition in his district in an action pending in another district, in defending officers of the army in suits against them for acts done in the line of their duties, or in preparing briefs or arguing cases in this court in which the United States is a party.  Without an express provision of this character, such compensation cannot be allowed, taxed, or paid, because the statutes cited repeatedly prohibit it.  Gibson v. Peters, 150 U. S. 342, 347, 14 Sup. Ct. 134, 135; Ruhm v. U. S., 66 Fed. 531.

Moreover, there are express provisions of acts of congress which bring the particular services in this case squarely within these inhibitions:

(1) In the act of March 2, 1889, making appropriations for sundry civil expenses of the government (25 Stat. 941, c. 411), there is this provision:

"That hereafter all legal services connected with the procurement of titles to site for public buildings, other than for life-saving stations and pier-head lights, shall be rendered by United States district attorneys."

The sites, the titles to which were examined by the defendant in error, were not for life-saving stations or pier-head lights, and under this act he was discharging the prescribed duties of his office when he made the examinations and gave his opinions upon the titles referred to in his petition.

(2) The attorney general had express authority to send an officer of the department of justice to attend to the taking of a deposition at Wichita, in the state of Kansas, in the suit of the United States against the First National Bank of New York, which was pending in the state of New York.  Rev. St. §§ 360, 367.  He directed the defendant in error to perform this duty.  Even if this was one of the duties of some other officer of the same or any other department of the government, he was prohibited from recovering any extra compensation for it by section 1764, Rev. St., quoted supra.

(3) Section 299 of the Revised Statutes provides that:

"All accounts of the United States district attorneys for services rendered * * * in cases instituted against the officers of the United States * * *

for acts committed or omitted or suffered by them in the lawful discharge of their duties, shall be audited and allowed as in other cases, assimilating the fees, as near as may be, to those provided by law for similar services in cases in which the United States is a party."

This section is taken from section 12 of the act of August 16, 1856 (11 Stat. 50, c. 124), which was passed for the purpose of declaring such services to be official. 8 Ops. Attys. Gen. 399. It is, in legal effect, a prohibition of a recovery upon a quantum meruit for such services. It makes them a part of the duties of the office, and requires their compensation to be assimilated to the prescribed fees, and to be returned and accounted for as a part of the compensation prescribed by sections 823, 824, 833, 834, and 835 of the Revised Statutes. Hence no excess above the $6,000 per annum fixed by these sections can be recovered on account of these services. Smith v. U. S., 26 Ct. Cl. 568, 576; U. S. v. Smith, 158 U. S. 346, 355, 15 Sup. Ct. 846, 849.

(4) The services rendered by the defendant in error outside of his district in preparing a brief and making an argument before this court in U. S. v. Trans-Missouri Freight Ass'n were well worth the amount which he was allowed for them by the attorney general and the district judge. If congress had authorized these officers or this court to allow the payment of this amount, it ought to be paid, but we are unable to discover any such authority in the acts of congress. They provide that the attorney general may send any officer of the department of justice to perform such services. Section 367, Rev. St. They prohibit the payment of extra compensation to this defendant in error, even if the rendition of these services belonged to some other officer of that or any other department. Rev. St. § 1764. They prohibit such an allowance unless the same is expressly authorized by law, and the appropriation therefore explicitly states that it is for such additional pay, extra allowance, or compensation. Id. §§ 1764, 1765. In view of these inhibitions, the defendant in error was not entitled, in our opinion, to any excess above his maximum of $6,000 per year on account of these services. U. S. v. Smith, 158 U. S. 346, 355, 15 Sup. Ct. 846, 849.

The judgment below must accordingly be reversed, without costs to either party in this court, and the case remanded to the court below, with directions to render a judgment in favor of the plaintiff in error. It is so ordered.