## UNITED STATES v. SAUNDERS.

(Circuit Court of Appeals, First Circuit. March 23, 1897.)

### No. 198.

1. **SUITS AGAINST UNITED STATES—SET-OFF.**

   Under the act of March 3, 1887 (24 Stat. 505, 506), providing for the bringing of suits against the United States, the court has power to render judgment in favor of the United States for any balance which may be found due them upon a set-off or counterclaim.

2. **RECOVERY BY UNITED STATES OF MONEY PAID BY MISTAKE.**

   The rule applied that the United States have the right to recover moneys paid by the errors of their disbursing officers, as much where the error is one of law as of fact, provided only the moneys belong to the United States ex æquo et bono.

Appeal from the District Court of the United States for the District of Maine.

Albert W. Bradbury, U. S. Atty.

Geo. E. Bird, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. The appellee, who had been a marshal of the United States for the district of Maine, brought his petition in the district court for that district against the United States for $360, now admitted to be due him for sundry attendances before commissioners of the circuit court. Under Act March 3, 1887, c. 359, §§ 1, 6 (24 Stat. 505, 506), entitled "An act to provide for the bringing of suits against the government of the United States," the United States filed a set-off and counterclaim for sundry payments made the petitioner by their disbursing officers, amounting to $504, which payments, under the rule in U. S. v. McMahon, 164 U. S. 81, 17 Sup. Ct. 28,—decided after the judgment of the district court in this case,—were unauthorized. The record shows that there is no dispute as to the amount of these payments. The statute cited not only authorizes, by section 6, this defense, but it also, in section 1, confers jurisdiction to "hear and determine" set-offs and counterclaims; so that, although it does not expressly direct a judgment for the United States for a surplus, if one be found in their favor, yet it is to be presumed that it adopts the usual practice with reference thereto. Indeed, in McElrath v. U. S., 102 U. S. 426, a judgment of the court of claims for a balance found due the United States on a defense of set-off, under section 1061 of the Revised Statutes, and reported in 12 Ct. Cl. 201, was affirmed; and the Revised Statutes expressly authorized such a judgment. Although the provisions of the Revised Statutes in regard to the prosecution of claims against the United States were to some extent repealed

by the act of March 3, 1887, yet the latter statute provided as follows:

"Sec. 4. That the jurisdiction of the respective courts of the United States proceeding under this act, including the right of exception and appeal, shall be governed by the law now in force, in so far as the same is applicable and not inconsistent with the provisions of this act; and the course of procedure shall be in accordance with the established rules of said respective courts, and of such additions and modifications thereof as said courts may adopt."

Therefore, in any view of the matter, we have no doubt of the power to render judgment in favor of the United States for any balance which may be found due them. The validity of the provision conferring jurisdiction to hear and determine such set-offs and counterclaims was, in effect, settled in McElrath v. U. S., 102 U. S. 426, already cited. Whatever doubt may have existed under the earlier decisions of the supreme court as to the general right of the United States to recover moneys paid by the errors of their disbursing officers, as much where the error is one of law as of fact, provided only the moneys belong to the United States ex æquo et bono, was removed by Wisconsin Cent. R. Co. v. U. S., 164 U. S. 190, 212, 17 Sup. Ct. 45. This decision applies fully to the claims made by the United States in the case at bar. Whether under Chase v. U. S., 155 U. S. 489, 15 Sup. Ct. 174, and U. S. v. Ady, 22 C. C. A. 223, 76 Fed. 359, this case should have been brought up on error, instead of by appeal, we are not called on to determine. The judgment of the district court is reversed, and the case is remanded to that court, with directions to enter a judgment for the United States on its set-off and counterclaim for the balance of $156, without costs for either party.