SANBORN, Circuit Judge.
The writ of error in this case challenges an item of $288.10 for which John D. Fleming, the defendant in error, recovered a judgment against the United States in the court below under the act of March 3, 1887 (24 Stat. 505, c. 359). Fleming was the district attorney for the United States for the district of Colorado from March 23, 1889, to March 23, 1893, during which time the defendant in a criminal case took an appeal from a judgment of the district court of Colorado to the circuit court of the Eighth judicial circuit. The judge of the circuit court was sitting at Little Rock, in the state of Arkansas, and at the request of the attorney general Fleming followed the case out of his district to Little Rock, and there appeared and acted for the United States ■ before the circuit judge. He necessarily traveled 2,562 miles, and spent $88.10 and six days in making this trip. The attorney general and the court below allowed him $200 special compensation for *373 his services and $88.10 for his expenses in this matter, and he recovered a judgment against the United States for these amounts.
The right of a district attorney to special compensation for services which he renders by direction of the attorney general in an appellate court outside of his district was considered by this court in U. S. v. Ady, 40 U. S. App. 312, 22 C. C. A. 223, and 76 Fed. 359, 364. The acts of congress which prohibit a recovery of such compensation are cited, and parts of them are quoted, in the opinion in that case. For the reasons there stated, the defendant in error was not entitled to the $200 which was allowed him for services in the judgment below. Rev. St. §§ 367, 1764, 1765; 18 Stat. 109, c. 328; 25 Stat. 545; U. S. v. Smith, 158 U. S. 346, 355, 15 Sup. Ct. 846; Gibson v. Peters, 150 U. S. 342, 14 Sup. Ct. 134; Ruhm v. U. S., 66 Fed. 531, 533. But the necessary expenses which this district attorney incurred at the request of the attorney general in attending a court more than 1,000 miles from his residence stand on a different footing. The attorney general is the head of the department of justice. Rev. St. § 346. He is authorized to exercise general supervision and direction over the attorneys of the United States in the various districts as to the manner of discharging their respective duties. Section 362. He has general supervisory powers over their accounts. Section 368. He has authority to employ and retain such attorneys as he may think necessary to assist the district attorneys. Section 363. He has power to send an officer of the department of justice to any state or district of the United States to attend to the interests of the nation in any suit pending in any of the courts of the United States. Section 367. And section 370 provides:
“Sec. 370. Whenever the solicitor general, or any officer of the department of justice, is sent by the attorney general to any state, district, or territory, to attend to any interest of tbe United States, tbe person so sent shall receive, in addition to his salary, his actual and necessary expenses while absent from the seat of government; the account thereof to be verified by affidavit.”
These provisions of the statutes confer ample authority on the attorney general to incur the expense of sending some attorney to any court of the nation to attend to any interest of the United States. If he sends an officer of the department of justice from Washington, that officer can recover the amount of his expenses, in addition to his salary, under section 370. If he employs and retains an attorney to assist a district attorney and sends him, he can undoubtedly recover his expenses. If he sends the district' attorney, the acts of congress prohibit the payment to him of any special compensation for the services he renders without his district (sections 367, 1764, 1765); but they contain no prohibition of the repayment to him of the actual and necessary expenses which he incurs on such a mission. Ho reason occurs to us why, in this state of the .case, he should not be reimbursed for these expenses. The attorney general, vested with ample authority from the United States, requests him to go.to a distant state, and attend to the interests of the government in a lawsuit. He complies with the request, travels thousands, of miles, and incurs necessary expenses in performing the service. In the absence of a prohibitory statute, the authorized request O'f *374 the attorney general and the compliance of the district attorney raise an implied promise on the part of the government to repay to the latter his necessary disbursements. Coleman v. U. S., 152 U. S. 96, 99, 14 Sup. Ct. 473; U. S. v. Great Falls Manuf’g Co., 112 U. S. 645, 654, 5 Sup. Ct. 306. The judgment below must be reversed, and the cause remanded to the court below, with directions to enter judgment in favor of the defendant in error in accordance with the views expressed in this opinion; and it is so ordered.