SILL v. UNITED STATES.

UNITED STATES v. SILL.

(Circuit Court of Appeals, Second Circuit. April 7, 1898.)

Nos. 77 and 78.

1. DISTRICT ATTORNEY—FEES—CLERK HIRE.
A district attorney is entitled to recover for clerk hire. U. S. v. Stanton, 87 Fed. 698, followed.

2. SAME—EXTRA SERVICES—COMPENSATION.
A district attorney is not entitled to extra compensation for services rendered in examining titles to sites for public buildings. U. S. v. Ady, 22 C. C. A. 223, 76 Fed. 359, followed.

3. SAME—ATTENDING COURT.
Section 824 of the Revised Statutes, which allows compensation to a district attorney for each day of the term where court is held at a place other than his place of abode, is limited by the act of congress of March 3, 1887 (24 Stat. 509, 541, c. 362), to each day when the court is opened by the judge for business, or business is actually transacted in the court.

4. SAME—EXAMINATION OF INTERNAL REVENUE CASES NOT PROSECUTED.
A district attorney is entitled to compensation for services rendered in investigating violations of the customs laws reported to him by a collector in accordance with section 838 of the Revised Statutes, and in which he determined that no prosecution should be instituted.

In Error to the Circuit Court of the United States for the District of Connecticut.

George G. Sill, per se.

Chas. W. Comstock, U. S. Atty.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. These writs of error involve the right of the United States attorney for the district of Connecticut to recover the following items disallowed in his accounting by the accounting officers of the treasury: (1) Disbursements for clerk hire; (2) opinions and services as to title to post office building sites; (3) per diem fees for attending terms of the circuit and district courts held at places other than his place of abode; (4) fees for examination of internal revenue cases reported to him by the collector, in which he determined that no prosecution should be instituted.

As to the first item, the case is controlled by the decision of this court in U. S. v. Stanton (decided at this term) 87 Fed. 698, where we concurred in the opinion of Judge Shipman in 37 Fed. 252, and adjudged that the disbursements should be allowed.

As to the second item, we approve of the decision of the circuit court of appeals in U. S. v. Ady, 22 C. C. A. 223, 76 Fed. 359, where the reasons why there can be no compensation for such services are convincingly stated.

The third item is claimed under section 824 of the Revised Statutes, which allows compensation to a district attorney "for each day of his necessary attendance in the courts of the United States, when the court is held at the place of his abode, five dollars; and for his attendance when the court is held elsewhere, five dollars for

each day of the term." The court below allowed the per diems because upon the days in question the courts were open by the order of the court, and the district attorney was constructively in attendance. Neither the judge nor the district attorney was in actual attendance upon these days, and the court was in session only in the sense that the term had not been formally adjourned. The section was considered in U. S. v. Smith, 158 U. S. 346, 15 Sup. Ct. 846, to authorize an allowance per diem to the district attorney when the court is held at a place other than his place of abode, whether he was actually in attendance or not, "since he is presumed to be present at each term for the protection of the interests of the government." In this case, however, the court was speaking of attendance at an ordinary term of court,—a term at which the judge and all the officers are expected to be present,—and did not have occasion to refer to the act of congress of March 3, 1887 (24 Stat. 509, 541, c. 362), which provides as follows:

"Nor shall any part of any money appropriated be used in payment of a per diem compensation to any attorney, clerk or marshal for attendance in court except for days when the court is opened by the judge for business, or business is actually transacted in the court, and when they attend under sections five hundred and eighty three, five hundred and eighty four, six hundred and seventy one, six hundred and seventy two and two thousand and thirteen of the Revised Statutes which fact shall be certified in the approval of their accounts."

When these officers attend under sections 583, 584, 671, and 672, they are present to adjourn court because of the absence of the judge. We think it was the purpose of the act of 1887 to disallow per diem fees for constructive attendance on occasions not covered by the enumerated sections, when there is no judge in attendance for the transaction of judicial business. The interests of the government cannot require the district attorney to be present when no officer is in attendance who can exercise any judicial function, and when the court is only open or in session for the purpose of making clerical entries in the books or records, or of being adjourned from day to day. Within the meaning of the section, the court is not opened by a judge when he is not in attendance, and it is opened merely to be adjourned by a clerk or marshal upon his order; otherwise there would have been no reason for including sections 583, 584, 671, and 672 in the enumerated sections of the act.

The fourth item is for services rendered pursuant to section 838 of the Revised Statutes, similar to those in controversy in U. S. v. Bashaw, 4 U. S. App. 360, 1 C. C. A. 353, and 50 Fed. 749, and subsequently considered in 152 U. S. 436, 14 Sup. Ct. 638. In the Bashaw Case, however, the secretary of the treasury did not fix the sum which he deemed a just and reasonable allowance for the services. In this case he did so. The question whether a district attorney is entitled to an allowance for such services, under the terms of the section, has been variously decided by the district courts. It was decided affirmatively by the circuit court of appeals for the Eighth circuit in the Bashaw Case, and was not decided by the supreme court when that case was before it. Unless we are convinced that the opinion of a circuit court of appeals is

erroneous, we think, upon principles of comity, this court should follow it. It would seem that a district attorney ought to be compensated for such services, and we do not think the language of the section is necessarily inconsistent with the intention that he shall be. The judgment is reversed, with instructions to the court below to render a judgment in conformity with this opinion.