## CHARLES STUDLEY versus LEWIS HALL.

Jurors are not permitted by their testimony to disclose their deliberations and proceedings, while consulting together in their private room; but the rule does not extend to their conduct at other times and in other places.

Where one of the jurors to whom a cause was committed had entertained personal hostility towards the party against whom the verdict was returned, and had previously, on hearing but a part of the evidence on a former trial of the same action, expressed an opinion in favor of the other party, and on being interrogated at the commencement of the present trial, had declared himself to be impartial; and had during this trial been drinking with the party in whose favor the verdict was returned, on his invitation and at his expense; the verdict was set aside, and a new trial granted.

THIS case came before the Court on motion for a new trial for the alleged misconduct of one of the jurors who returned the verdict, filed by the defendant against whom the

verdict was. The specifications of misconduct are found in substance at the commencement of the opinion of the Court.

The action was replevin for a quantity of clapboards, attached by the defendant, as an officer, as the property of one Morse. The defendant also filed a motion for a new trial because the verdict was against evidence, and because he had discovered, since the trial, new and material evidence.

A new trial was granted on account of the misconduct of the juror, without entering into an examination of the other causes; and so the evidence and arguments in relation to them have become immaterial here.

*H. C. Lowell* argued for the defendant, contending that the verdict ought to be set aside for the causes assigned in the motion. The following legal grounds were taken.

1. The personal enmity of the foreman of the jury is a sufficient cause for setting aside the verdict. 2 Dev. R. 120. It is sufficient also, that the juror had previously formed and expressed an opinion. 14 Mass. R. 205; 3 Cowen, 355; 2 Cowen, 589; 1 Gall. 360; 5 Cowen, 283. These objections against the juror were not waived, and are available on this motion. Howe's Practice, 507; 14 Mass. R. 205.

2. The conversation of the juror in the presence of the plaintiff during the trial, and his statement that the verdict was "sealed in the plaintiff's favor," are causes for granting a new trial. Cro. Eliz. 778; 4 Cowen, 26; 7 Cowen, 562; Howe's Pr. 504; 14 Serg. & R. 292; 3 Leigh, 785; 3 Verm. R. 578.

3. The third cause assigned is fully proved, and that alone is sufficient to vitiate the verdict. 1 Hill, 207; 6 Grif. R. 379; 17 Maine R. 303; 12 Pick. 517; Rev. St. c. 158, § 13.

4. The jurors themselves are incompetent witnesses in this matter. 1 Durn. & East, 11; 4 Binney, 150; 14 Mass. R. 245.

*W. H. Codman* argued for the plaintiff, admitting that if the plaintiff had attempted to influence a juror, or if the juror had misconducted himself, in the manner stated in the motion for a new trial, that there was cause for granting one. He did

not contest the legal grounds, but argued that upon a fair examination of the facts, neither misconduct of the plaintiff nor of the juror was proved. There is more evidence of the existence of some animosity on the part of the juror towards the defendant in interest, than of any of the other charges brought forward. If this had been made out in proof, the same testimony shows that it was known to the real defendant and to his counsel before the trial. They cannot lay by, and when the verdict is against them, seize upon that to escape from the consequences of it.

The opinion of the Court was drawn up by

Shepley J. — This motion for a new trial alleges in substance, that the foreman of the jury, which found the verdict, was guilty of misconduct. 1. In not disclosing, when challenged, that he was hostile to the party defendant in interest; and that he had a year before heard part of the testimony and expressed an opinion on the merits. 2. By becoming a party to conversations and expressions of opinion on the merits during the trial. 3. By drinking with the plaintiff and at his expense during the trial. The motion also alleges, that the verdict was against the weight of evidence, and that new and material testimony has been since discovered.

Portions of the testimony presented in depositions, both in support of the motion and in opposition to it, are clearly illegal and suited only to attempt to create a prejudice on the mind. It is much to be regretted, that counsel should entertain an opinion so erroneous as to believe, that the introduction of such testimony can have any other influence, than to create a feeling of disapprobation [not to use a stronger term] suited to injure the party introducing it, and to make it alike the duty of the Court to be watchful against its influence and against the feelings occasioned by its introduction. Sargent's second deposition is objected to by the counsel for the defendant, as having been improperly taken more than an hour after the time appointed for that purpose had elapsed. But as the caption is regular, and the testimony to disprove it was taken *ex parte* and without notice, it has been received. He also objects to

the testimony of the juror on the ground, that his testimony cannot be legally admitted. Jurors cannot be permitted to disclose their deliberations and proceedings while consulting together in their private room; but the rule does not extend to their conduct at other times and in other places.

It appears, that the juror was challenged at the proper time, and that on examination his answers were such, that he was adjudged to be impartial. The proof now is, that he had been before that time openly hostile to the defendant in interest. And there is no difference in the testimony respecting it. The counsel for the plaintiff insists, that as no allegation of personal hostility was specifically made at the time, it cannot now be admitted to affect the verdict. The allegation, that he had formed and expressed an opinion and that he was not impartial, was suited to elicit an answer respecting any bias or prejudice, that being the effect, which such feelings are suited to produce. It is difficult to believe, that a juror should not know, whether he had entertained and openly indulged such feelings toward a party; and if sensible of it, it does not exhibit a favorable state of mind for the performance of his duty to find him answering as he did, that he was insensible of any bias. And it appears from the testimony of Joseph Burns, that he had a year before expressed an opinion on the merits. The juror testifies, that he has no recollection of having expressed such an opinion. This however does not contradict the testimony of Burns. And it is not suited to weaken its force materially, when it is considered, that the juror admits, that he was present at that trial and heard part of the testimony, and that he was in the habit, from what evidence he might pick up, of giving an opinion upon the merits of a case on trial. Such habits of expressing opinions respecting causes on trial in the hearing of those in the court house, formed from scraps of testimony, are pernicious; and but little indicative of a state of mind fitted for an impartial and deliberate consideration of a cause.

The second allegation made in the motion does not appear

to be sustained by the proof. There is the testimony of one witness to the facts, but it is opposed to the testimony of the juror, who is much supported and corroborated on this point by the testimony of another juror.

The third allegation is supported by the testimony of three witnesses, Robert Hawes, William Bowley, Jr. and James Briggs. Sargent, in whose shop it is said they drank, in his first deposition says, that a person called Andrews, who was said to be one of the jury to try a cause, in which the plaintiff was a party, was treated by the plaintiff a number of times at his shop. He describes the man as having a dark complexion, a red face and a bald head. In his second deposition he says, that Joseph Andrews, who was then present and pointed out to him by the clerk of the Courts as the foreman of the jury, before which the cause was tried, was not the person, who drank with the plaintiff in his shop. But he does not say, nor does any other witness, that his former description of the man did not properly apply to the juror. The counsel for the plaintiff argues, that some person, who drank, was palmed off upon Sargent as Andrews, the juror. It is not easy to discover the motive for such conduct before any difficulty was apprehended. And if it were so, it must have been done by the plaintiff or in his presence. Why did he not produce that person to Sargent, or take his testimony, if such a person could be found, that the deception, if any, might be explained ? A motive for such an attempt at a later time may be discovered. William Bowley, Jr. states, that Ephraim Bowley and Isaac Caswell were at a certain time present when the juror drank with the plaintiff; and he thinks it was at or before the adjournment of the Court in the middle of the day on Saturday. The plaintiff has introduced the testimony of Ephraim Bowley, who states, that on that Saturday he went from the court house with the plaintiff and Caswell before the Court adjourned, and that they called at Sargent's shop and drank, and that the juror was not with them. William Bowley, Jr. does not testify with any confidence, that it was at that time, that he saw them drinking with the juror; and Ephraim Bowley does not state

positively, that he did not drink with the plaintiff and the juror at any other time during the trial. Experience teaches, that the time, when an event occurred, is much less satisfactorily established by testimony, than the event itself. The juror positively denies, that he drank any liquor during that session of the Court with the plaintiff or with any other person. This testimony is opposed by that of the three witnesses before named; and upon a consideration of the whole of the testimony on the point, it is not found to be favorable to the juror. The plaintiff was put upon diligent exertion to free himself and the juror from blame by explaining every thing in any manner connected with the transaction, and has certainly failed to explain satisfactorily his own conduct at Sargent's shop. These are some of the considerations, upon which the Court has come to the conclusion, that the verdict must be set aside and a new trial granted.