### UNITED STATES *v.* PERRY, Dist. Atty.

*(Circuit Court of Appeals, Eighth Circuit. May 23, 1892.)*

#### No. 56.

**1. DISTRICT ATTORNEYS' FEES—MILEAGE.**
    A district attorney is entitled to mileage for travel by the most convenient and practicable routes in the discharge of his official duties, though such routes are not the shortest routes.

**2. SAME—DISCRETION OF DISTRICT ATTORNEY.**
    A district attorney is entitled to mileage from his place of abode to the place of any examination, before a commissioner, of a person charged with crime, and to his *per diem* for the examination of such person before such commissioner, in any case where, in his judgment, it was necessary for him to attend, and he did actually attend, such examination.

**3. SAME—MILEAGE TO OFFICIAL HEADQUARTERS.**
    Where the district attorney actually and necessarily travels from the place of his abode to the place for an examination, before a commissioner, of a person charged with crime, in the discharge of his official duty, he is entitled to mileage for such travel, notwithstanding such place of examination is at the official headquarters of such district attorney.

**4. SAME—COMPENSATION—SUNDAYS AND LEGAL HOLIDAYS.**
    The *per diem* compensation allowed by Rev. St. § 824, to a district attorney attending court elsewhere than at his place of abode, in the discharge of his official duties, cannot be paid to him for Sundays or legal holidays occurring during the term of the court, because prohibited by the proviso to the appropriation act of March 3, 1887, (24 St. at Large, p. 541,) which to that extent amends Rev. St. § 824.

Appeal from the Circuit Court of the United States for the District of Kansas.

Action by William C. Perry, district attorney, against the United States, to recover mileage and fees. From a judgment for plaintiff, the United States appeals. Reversed.

*J. W. Ady*, for the United States.

*W. C. Perry, W. H. Rossington*, and *Chas. Blood Smith*, for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge. William C. Perry, the appellee, was United States district attorney for the district of Kansas from July 14, 1885, until November 9, 1889, and during all this time resided with his family at Ft. Scott, in that district. He brought this action in the United States circuit court for that district to recover mileage, fees, and emoluments under the provisions of chapter 359, 24 St. at Large, p. 505, and a judgment was rendered in his favor below, from which the United States appeals. In the performance of his official duties he traveled from his place of abode to the various places of holding the United States courts, and to the various places of the examinations, before a judge or commissioner, of persons charged with crime, by the usual, most convenient, and only practicable routes, but these routes were not the shortest routes. He was paid his mileage for this travel by the shortest routes, and the court below held that he was entitled to recover the difference between the amount of the mileage reckoned on the basis of the shortest routes and the amount reckoned on the basis of the only practicable and most convenient routes. This holding of the court is assigned for error. The appellee, in the performance of his official duties, necessarily traveled at various times from his place of abode to the places of examinations, before a judge or commissioner, of persons charged with crime. His mileage for this travel and his *per diem* for attendance were disallowed by the accounting officers of the government, but the court below held he was entitled to recover them, and this is the second error complained of. Mr. Perry necessarily traveled at various times from his place of abode to Topeka, Kan., to attend such examinations before United States commissioners, and the accounting officers of the United States disallowed this mileage because Topeka was the official headquarters of the district attorney, but the court below held he was entitled to recover it, and this ruling is the third error assigned. Mr. Perry charged in his account the five dollars *per diem* allowed by section 824, Rev. St. U. S., for 11 days, between October 15, 1888, and September 16, 1889, each of which transpired during the session of the United States court, and was a Sunday

or legal holiday, and on each of which days he was necessarily away from his place of abode, and in attendance upon that court in his district. The court below held that he was entitled to recover $55 on this account, and this holding is the only other error of which complaint is made.

The statute itself disposes of the first three errors assigned. So far as it is material to the questions presented by these assignments, it reads:

"Sec. 823. The following and no other compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, to district attorneys, clerks of the circuit and district courts. * * * Sec. 824. * * * For examination by a district attorney, before a judge or commissioner of persons charged with crime, five dollars a day for the time necessarily employed. * * * For traveling from the place of his abode to the place of holding any court of the United States in his district, or to the place of any examination before a judge or commissioner of a person charged with crime, ten cents a mile for going, and ten cents a mile for returning."

1. Under this statute it is not only the privilege, but the duty, of the district attorney to travel by the most convenient and practicable routes in the discharge of his official duties, although such routes are not the shortest routes, and when he has so traveled he is entitled to ten cents per mile for going, and ten cents a mile for returning, over the routes he has actually traveled. His compensation is not limited to mileage on shorter, but impracticable and inconvenient, routes he does not travel. Any other rule would work great detriment to the public service. The shortest traveled route between two towns is often so poorly supplied with means of quick and rapid transit that to follow it, in the exigencies of the public service, would so delay the officer that his services would become useless. The most convenient and practical route of travel is the usual route of travel, and it is such because business and professional men, who are looking with keen vision to their own interests and to the accomplishment of the largest results in the shortest space of time, universally take that route, and thus make it the usual route. If the district attorney in his service of the government selects the routes of travel chosen by the shrewd travelers who visit the towns and cities of this land in the interest of private gain; if he selects, as the record in this case proves he did, the usual, most convenient, and practicable routes, in the performance of his official duties, and is paid under the statute for the miles he actually travels on such routes,—his time and ability will thus be made most useful to the government, and the letter and spirit of the statute will be complied with.

2. A district attorney is entitled to his mileage from his place of abode to the place of any examination before a commissioner of a person charged with crime, and to his *per diem* for the examination of such person before such commissioner in any case where, in his judgment, it was necessary for him to attend, and he did actually attend, such examination. No authority or argument is presented in support of the claim that his mileage and *per diem* were improperly allowed by the judge below. In the assignment of error it is stated that this allowance should not have

been made "until the comptroller's office was satisfied that the nature and importance of the examinations demanded the presence of the district attorney." The district attorney is charged with the duty of attending these examinations, and conducting them on the part of the United States, whenever the attendance of an attorney is needed. When a person is charged with crime before a judge or commissioner, he must determine whether his presence is necessary at the examination, and act upon his own judgment. There is neither law nor reason for the suggestion that his compensation is dependent upon the opinion of the comptroller on the question of the necessity of his attendance. The statute is plain and unequivocal, and it has been held not only that it entitles him to the *per diem* compensation while he is actually engaged in the examination before the commissioner, but also for his time while he is necessarily engaged in the investigation of an offense in co-operation with the commissioner before the arrest is actually made. *Stanton* v. *U. S.*, 37 Fed. Rep. 252.

3. When the district attorney actually and necessarily travels from the place of his abode to the place of an examination before a commissioner of a person charged with crime, in the discharge of his official duty, he is entitled to mileage for such travel, notwithstanding such place of examination is at the official headquarters of such district attorney. There is no finding or evidence in the record that Topeka, where these examinations before the commissioner to which Mr. Perry traveled were held, was the official headquarters of the district attorney; but the court below finds that he actually attended these examinations, and actually and necessarily traveled from his place of abode to Topeka to attend them, and the statute is imperative that he should be allowed mileage in such cases "from his place of abode."

4. The *per diem* compensation provided for a district attorney attending court elsewhere than at his place of abode, in the discharge of his official duties, by section 824, Rev. St. U. S., cannot be allowed or paid to him for Sundays or legal holidays occurring during the term of the court, because the proviso contained in the act making appropriations for sundry civil expenses, approved March 3, 1887, found in 24 St. at Large, p. 541, prohibits such allowance or payment, and to that extent amends the Revised Statutes. Compensation was provided for the district attorney for attendance upon the United States courts by section 824, Rev. St., in the following words:

"For each day of his necessary attendance in a court of the United States when the court is held at the place of his abode, five dollars; and for his attendance when the court is held elsewhere, five dollars for each day of the term."

In the act making appropriations for sundry civil expenses, approved March 3, 1887, is found, just subsequent to the appropriation of $225,-000 for payment of United States district attorneys, the following proviso:

"Provided, that hereafter no part of the appropriations made for the payment of fees of United States marshals or clerks shall be used to pay the fees of

United States marshals or clerks upon any writ or bench warrant for the arrest of any person or persons who may be indicted by any United States grand jury, or against whom an information may be filed, where such person or persons is or are under a recognizance taken by or before any United States commissioner, or other officer authorized by law to take such recognizance, and requiring the appearance of such person or persons before the court in which such indictment is found or information is filed, and when such recognizance has not been forfeited, or said defendant is not in default, unless the court in which such indictment or information is pending orders a warrant to issue; nor shall any part of any money appropriated be used in payment of a *per diem* compensation to any attorney, clerk, or marshal for attendance in court except for days when court is open by the judge for business, or business is actually transacted in court, and when they attend under sections five hundred and eighty-three, five hundred and eighty-four, six hundred and seventy-one, six hundred and seventy-two, and two thousand and thirteen of the Revised Statutes, which fact shall be certified in the approval of their accounts."

Sections 583, 584, 671, and 672 relate to terms of court at which the judge cannot be present, and court may be adjourned by his written order, or by the clerk, and section 2013 relates to a term opened under the federal election law. It is urged by the appellee that this proviso has no application to this case, because the *per diem* compensation he seeks is not for "attendance in a court of the United States when the court is held at the place of his abode," but for his attendance when the court is held elsewhere; and that in the latter case, as he was entitled under section 824 to five dollars "for each day of the term," whether he was in court or not, the prohibition in the proviso of the use of any of the appropriations "for attendance in court, except when the court is open by the judge for business, or business is actually transacted in court," was not intended to and cannot apply to the payment of his *per diem* compensation "for each day of the term" when he was attending elsewhere than at his place of abode. Such a construction of the proviso is too narrow and technical, and cannot be sustained. Under section 824, district attorneys were not entitled to any *per diem* compensation for Sundays and holidays in term time when the court was held at their respective places of abode; so that, if the proviso does not apply to cases where they attend away from their places of abode, it has no effect whatever on the *per diem* compensation of district attorneys. If the proviso was ambiguous, and the construction contended for by appellee thus makes it nugatory as to district attorneys, who are expressly named therein and manifestly intended to be affected thereby, while to hold that it applies to cases of attendance of district attorneys away from home makes the proviso reasonable, practical, and effective, the latter construction must be adopted; but, in our opinion, it is plain and unambiguous, and was intended by the congress to prohibit the payment of any *per diem* compensation to the marshals, clerks, and district attorneys for attendance upon court at any place, on any day except when the court is open by the judge for business, or business is actually transacted in court, or they attend under the sections of the Revised Statutes there specially mentioned. That this is the proper construc-

tion more clearly appears when we consider the course of legislation and decision upon this subject. The appellee also claims that this proviso was temporary in its effect, and had reference only to the appropriations made in the act in which it is found. This contention cannot be sustained. Under section 824, and a similar provision in section 829, relative to marshals, a custom had grown up and received the sanction of the accounting officers of allowing this *per diem* compensation for Sundays and legal holidays occurring while court was in session during the term. *Marshal's Sunday Per Diem Case*, 5 Lawrence, Comp. Dec. 329. In the act making appropriations for sundry civil expenses, approved August 4, 1886, (24 St. at Large, 253,) a proviso was inserted prohibiting the use of any money appropriated by that act for the payment of *per diem* compensation to clerks or marshals for attendance in court in exactly the same terms as in the proviso of 1887. It is perfectly evident that the purpose was to stop for one year at least the payment of the *per diem* compensation to these officers for Sundays and holidays. The next appropriation act includes the district attorneys, and makes the prohibition general and permanent. It does not prohibit the use of any money appropriated by that act, but reads:

"Provided, that hereafter no part of the appropriation made * * * shall be used * * * nor shall any part of any money appropriated be used, in payment of a *per diem* for attendance in court, except when the court is open by the judge for business, or business is actually transacted in court."

It was perfectly competent for the congress to increase, diminish, or in any way change the compensation of these officers. It was the congress that fixed their former compensation, and it is clear that congress intended by this proviso to change, and by apt and plain words has changed and diminished, the compensation fixed by section 824. That this law is found in an act making general appropriations will not authorize the courts to disregard or explain it away. For many years it has been a common practice of the congress to enact general provisions of law in the acts making appropriations, until there is now little, if any, presumption that such provisions are not intended to be permanent and general. The provision which deprived United States commissioners of docket fees in certain cases was part of an act making appropriations, and certainly not as plain and positive in its terms as is this statute, but it was held to repeal the general statute allowing docket fees. 24 U. S. St. 274; *Faris* v. *U. S.*, 23 Ct. Cl. 374; *McKinstry* v. *U. S.*, 40 Fed. Rep. 813; *Goodrich* v. *U. S.*, 42 Fed. Rep. 393; *Calvert* v. *U. S.*, 37 Fed. Rep. 762; *Crawford* v. *U. S.*, 40 Fed. Rep. 446. This proviso is plain and unambiguous. The intent of the congress is clear from the course of decision and legislation that led up to the prohibition contained in it, and it must be held that the court below erred in allowing this $55. *Converse* v. *U. S.*, 26 Ct. Cl. 6–11; *McMullen* v. *U. S.*, 24 Ct. Cl. 394. The appellee has presented and argued several questions relative to claims he made in the court below which were disallowed. As he has taken no appeal, we do not feel at liberty to consider them. *U. S.* v.

*Ewing*, 140 U. S. 142, 150, 11 Sup. Ct. Rep. 743; *U. S.* v. *Hickey*, 17 Wall. 9. The judgment is reversed, and the cause remanded, **with instructions to** proceed therein in accordance with this opinion.