### CAMPBELL v. UNITED STATES.[1]

(Circuit Court of Appeals, Eighth Circuit. January 7, 1895.)

#### No. 445.

1. MARSHAL'S FEES—PER DIEM ALLOWANCE—SUNDAYS.
    A marshal is not entitled to per diem compensation for attendance in the federal courts on Sundays, during the terms thereof, when neither is open for business, under Rev. St. § 829, allowing him a per diem for attendance when either is in session.

2. SAME—MEALS FURNISHED JURORS.
    It is one of the incidental powers of the circuit and district courts of the United States to direct the marshal to furnish meals for jurors while they are deliberating upon their verdicts, and this power may be exercised in any case whether the United States is a party to the action or not. The disbursements made by the marshal in paying for these meals are expenses necessarily incurred for some of the "other contingencies" referred to in section 829, Rev. St.

3. SAME—SUMMONING JURORS—ADJOURNED TERM.
    An adjourned term of court is not the same court as the original term, within Rev. St. § 829, providing that the marshal's fees for summoning jurors shall not at any court exceed $50.

4. SAME—MILEAGE—TAKING PRISONER TO PLACE OF CONFINEMENT.
    Where a marshal is paid 50 cents for each commitment of a prisoner, and 10 cents a mile for himself and each prisoner, and necessary guard for transportation of prisoners to the place of confinement, as provided by Rev. St. § 829, he will not be allowed mileage for travel to serve or fees for serving the warrants of commitment of the prisoners on the keeper of the prison.

5. SAME—SERVICE OF SEVERAL WRITS ON SAME TRIP.
    Section 829, Rev. St., does not authorize the marshal, after he has received his actual expenses upon one writ for making a trip on which he serves several writs in favor of the government upon different persons, to thereafter recover his mileage upon the other writs so served.

6. SAME—SUMMONING SAME WITNESS IN DIFFERENT CASES.
    Under Rev. St. § 829, providing that when more than two writs required to be served, in behalf of the same party, on the same person, might be served at the same time, the marshal shall be entitled to compensation for travel on only two of the writs, he should be allowed mileage on two, and only two, subpoenas, where on the same trip he serves several subpoenas for the government, in different cases, on the same person.

Error to the Circuit Court of the United States for the District of Minnesota.

Action by William M. Campbell against the United States. Certain claims were disallowed, and he brings error.

George N. Baxter, for plaintiff in error.
Edward C. Stringer, U. S. Atty.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

[1] Rehearing pending.

SANBORN, Circuit Judge. William M. Campbell, the plaintiff in error, was the United States marshal for the district of Minnesota from May 25, 1886, until May, 1890. He brought this action in the court below to recover mileage, fees, and disbursements under the provisions of the act of congress of March 3, 1887 (24 Stat. c. 359, p. 505; 1 Supp. Rev. St. p. 559); and he prosecutes this writ here to reverse the decision and judgment of that court disallowing the following claims.

1. A claim for per diem compensation for his attendance in the circuit court and in the district court on Sundays, during the terms thereof, when neither of these courts was open for business. In U. S. v. Perry, 4 U. S. App. 386, 395, 1 C. C. A. 648, 651, 50 Fed. 743, 747, after full argument, and upon careful consideration, this court held that the per diem compensation provided for a United States district attorney for attending court, in the discharge of his official duties, by section 824, Rev. St., could not be allowed or paid to him for Sundays or legal holidays, when the court was not open for business, notwithstanding the fact that they occurred during the term of court. The reasons for that decision, and the authorities in support of it, will be found in the opinion. They apply with equal force to the claim of a marshal for such compensation under section 829, Rev. St., and the decision of the court below upon this question was right. McMullen v. U. S., 146 U. S. 360, 13 Sup. Ct. 127.

2. A claim for reimbursement for moneys expended by the marshal, in cases to which the United States were not parties, by order of the circuit and district courts, for meals for jurors, after they had been charged, and while they were confined, in charge of an officer, deliberating upon their verdicts. This expenditure was made by the marshal after the sundry civil appropriation act of 1888 went into effect. That act made an appropriation for "meals for jurors in United States cases when ordered by court" (25 Stat. c. 1069, p. 545), and a similar provision has been embodied in all subsequent appropriation acts. In the sundry civil appropriation acts of 1884, 1885, 1886, and 1887, an appropriation was made for "meals for jurors when ordered by court." 23 Stat. c. 332, p. 224; 23 Stat. c. 360, p. 511; 24 Stat. c. 902, p. 254; 24 Stat. c. 362, p. 541. Prior to 1884, no specific appropriation for this purpose had been made in any case; but the meals for jurors had been ordered by the courts, and the expenses incurred therefor had been paid by the government, as miscellaneous expenses of these courts. The only argument presented in support of the disallowance of this claim is that congress made no specific appropriation in 1888, or in any subsequent year, for the payment of moneys expended by the marshal for meals for jurors in cases in which the United States were not parties, although, prior to that time, congress had uniformly recognized these claims, and made appropriations for their payment. The question before this court, however, is not whether or not an appropriation has been made by congress to pay this claim, but whether or not the United States is justly indebted to the plaintiff in error for its amount. It is manifest that the existence and validity of a debt cannot be determined by the consent or refusal of the debtor to make immediate provision

for its payment. If they could be, there would never be any debts whose payment was not provided for, and there would be no occasion for their collection or discharge. It is common knowledge that, by the ancient common law, jurors were to be kept together, while deliberating upon their verdict, without food, drink, fire, or candle, until they could agree. Coke, Litt. 227b. But for more than a century it seems to have been the practice of the English and American courts to direct the marshal or sheriff to furnish refreshments to the jurors, when their deliberations were prolonged, and the ends of justice would, in the opinion of the presiding judge, be promoted by pursuing that course. It is evident to all who are familiar with jury trials that this practice saves expense to the government and to the litigants, and expedites the conclusion of lawsuits. It is not infrequent that tired jurymen, who have listened to a trial of many days' duration, and who, with empty stomachs, are wrangling over a doubtful question of fact, without any prospect of agreement, are brought, by a single meal, into a condition of mind and body that enables them to calmly review the evidence, and to agree upon a fair and just verdict, in a few hours. The expenditure of a few dollars for a meal or two for 12 jurymen, in cases such as this, frequently prevents a disagreement of the jury, obviates the necessity of another trial of the case, and saves the government the cost of the jurymen and officers of the court for many days. In 1799, in the trial of Fries for levying war against the United States, Mr. Justice Story kept the jury together in the same room, in a tavern, during adjournments of court, for 15 days. It seems that the necessity of the case and the length of the trial prompted him to cause their meals to be furnished to them during this period. U. S. v. Fries, 3 Dall. 515, note, Fed. Cas. No. 5,126. From that time to this, so far as we have been able to discover, the right to order the marshal to furnish meals, at the expense of the government, to jurors, in charge of an officer, deliberating upon their verdict, has been one of the conceded powers of the circuit and district courts of the United States. This power has been constantly exercised whenever its exercise was deemed wise by the trial judges, and the disbursements made by the marshals for this purpose have been paid by the government without question until the year 1888. The act of congress entitled "An act to regulate the fees and costs to be allowed clerks, masters and attorneys of the circuit and district courts of the United States and for other purposes," approved February 26, 1853, provided "that there shall be paid to the marshal his fees for services rendered for the United States, for summoning jurors and witnesses in behalf of the United States, * * * for the commitment or discharge of prisoners; for the expenses necessarily incurred for fuel, lights and other contingencies that may accrue in holding the courts within the district, and providing the books necessary to record the proceedings thereof." 10 Stat. c. 80, p. 165; Rev. St. § 829. The courts, congress, and the accounting officers of the government treated the meals for jurors, ordered by the court, in all cases, as some of the "other contingencies" referred to in this act, and paid the marshal's disbursements on account of them, without question, under this act, from the date of

its passage until the year of the disallowance of this claim. There is inherent in every court power to supervise the conduct of its officers, and to direct the course of the trials conducted before it. In the conduct of jury trials, the court has the power to determine how long a jury that has not agreed shall deliberate upon their verdict; whether or not they shall be kept together, in charge of an officer, during the adjournments of the court until they have agreed; whether or not the marshal shall provide them with meals, at the expense of the government, during their deliberation; and when they shall be discharged. It is conceded that the circuit and district courts of the United States have all these powers in all cases, civil and criminal, in which the United States are parties. But these courts are invested with the same power to so conduct jury trials before them to which the United States are not parties that the ends of justice may be attained as they are to conduct in that way those to which the United States are parties. If, in the trial of the former, the courts, in the cautious exercise of a wise discretion, are of the opinion that a just and speedy decision of a protracted litigation will be promoted by furnishing meals to a hungry jury that is deliberating over complicated and vexatious questions of fact, they have the same power to order the marshal to furnish them at the expense of the government that they would have if the United States were parties to the trial. The national courts are not empowered to administer justice deliberately, fairly, and impartially in United States cases only, but all litigants before them are entitled to the same deliberate and impartial trial. Any other rule would render it at least doubtful whether any verdict in any of these courts in favor of the United States could ever be sustained in any case in which the jurors were furnished with meals at the expense of the government, for it is a general rule that a verdict cannot be sustained in a case in which the prevailing party has furnished the jury with refreshments during the trial. Coke, Litt. 227; Com. v. Roby, 12 Pick. 496; People v. Myers, 70 Cal. 582, 12 Pac. 719; Doud v. Guthrie, 13 Ill. App. 653; 12 Am. & Eng. Enc. Law, tit. "Jury and Jury Trial," p. 372; Studley v. Hall, 22 Me. 198; Walker v. Walker, 11 Ga. 203, 206; Walker v. Hunter, 17 Ga. 364, 414; Mining Co. v. Showers, 6 Nev. 291; Springer v. State, 34 Ga. 379; Drake v. Newton, 23 N. J. Law, 111; Thomp. & M. Jur. § 372. We cannot hold that the United States have placed themselves in the position of furnishing refreshments to jurors engaged in deliberating upon their own cases only. It is only on the ground that the United States furnishes meals for jurors in all cases, when ordered by the court,—on the ground that it furnishes them, not as a suitor, but as a government, to insure a fair trial and a speedy decision,—that verdicts in their favor in such cases stand unchallenged. The result is that the power to direct the marshal to furnish meals for jurors, at the expense of the government, while they are deliberating upon their verdict, in charge of an officer of the court, is one of the inherent incidental powers of the circuit and district courts of the United States, which they may exercise in any case before them, whether the United States are or are not parties to it. The dis-

bursements for such meals, made by the marshal, pursuant to the exercise of this power by the courts, are expenses necessarily incurred for some of the "other contingencies" referred to in the act of 1853 regulating the fees and costs of marshals and others (10 Stat. c. 80, p. 165; Rev. St. § 829), and the claim of the plaintiff in error against the United States for these disbursements should have been allowed.

3. A claim for travel and services summoning a panel of petit jurors upon a special venire to attend at an adjourned term of the circuit court, when the marshal had been paid $50 for summoning one panel at the opening of the same stated term, but the court had discharged these jurors, had adjourned the court for a long interval to a day certain, and had issued the second venire for this second panel of jurors. It is conceded that the marshal performed the travel and rendered the service for which this claim is made, and the only ground for its disallowance is that the third clause of section 829, Rev. St., contains this provision: "But the fees for distributing and serving venires, drawing and summoning jurors by township officers, including the mileage chargeable by the marshal for each service, shall not at any court exceed fifty dollars,"—and the marshal was paid $50 for summoning the jurors who attended at the opening of the stated term, and who were discharged when the court adjourned. This does not appear to us to be a fatal objection to this claim. The act of congress does not provide that these fees and this mileage shall not exceed $50 at any term of court, but at any court. It is not infrequently the case that economy in the conduct of the business of a trial court, the interests of the government and of the litigants, demand that an adjournment of several weeks shall be taken; that the petit jurors in attendance be discharged; and that another panel be called. Where such a course is pursued, as in the case before us, there is a strong presumption that the public interests and the interests of the litigants were in that way best subserved. Such an adjourned term, after an interval of weeks, is as much a court as the original term; and, if the presiding judge directs the drawing and summoning of another panel of petit jurors for such a court, we are unable to find in this statute any prohibition of the marshal's recovery of his fees and mileage for this service, not exceeding $50. In our opinion, $50 of this claim should have been allowed.

4. Claims for travel to serve, and for service on the keeper of the prison, of temporary warrants of commitment of persons under arrest, charged with crimes against the United States, pending their examination before the United States court commissioners. These claims were properly disallowed. The marshal had already been paid 50 cents for each commitment, and 10 cents a mile for himself and each prisoner, and necessary guard for the transportation of these prisoners to the place of confinement. He was entitled to no more. Rev. St. § 829; U. S. v. Tanner, 147 U. S. 661, 13 Sup. Ct. 436.

5. A claim for travel, in going only, to serve, for the United States, certain warrants, subpoenas, and other process which the marshal served upon different persons for distinct causes on occasions, when

in each instance he served for the government on the same trip, and, at about the same time and place, another writ on another person, and in a different cause from any of those named in the process on account of which this travel is charged, and elected to and did receive for the service of this other writ his actual traveling expenses for the trip, under section 829, Rev. St. The question raised here is more clearly presented if we consider this claim for travel in a single instance. Let us suppose that the marshal had three writs in favor of the United States, in three different causes, against three different persons residing in the same locality, and that he served these three writs on the same trip, at about the same time and place, and elected to receive, and was paid, upon one of these writs, his actual traveling expenses on the trip. Is he thereby precluded from recovering his mileage on the other two writs? This is the question presented, in one form or another, by each item of this claim. Section 829, Rev. St., so far as it is material to the determination of this question, provides that the marshal shall receive "for travel in going, only, to serve any process, warrant, attachment, or other writ, including writs of subpoena in civil or criminal cases, six cents a mile. * * * But when more than two writs of any kind, required to be served on behalf of the same party, on the same person might be served at the same time, the marshal shall be entitled to compensation for travel on only two of such writs. * * * In all cases where mileage is allowed to the marshal he may elect to receive the same or his actual traveling expenses, to be proved on his oath to the satisfaction of the court." The provision of this statute, that in cases where the marshal has several writs against the same person, that might be served at the same time, he shall recover mileage on but two writs, leaves no doubt but that he is entitled to mileage upon each writ when he has served several writs against different persons in distinct causes. U. S. v. Fletcher, 147 U. S. 664, 668, 13 Sup. Ct. 434; Harmon v. U. S., 43 Fed. 560. When, therefore, the marshal had served the three writs, in the instances we have chosen to illustrate this question, he was entitled to mileage one way upon each of these writs. This mileage was given to him by this statute to compensate him for his expenses for travel and subsistence while he was executing the writs. He was necessarily compelled to travel both ways to serve these writs, and it is very possible that his actual traveling expenses exceeded the mileage upon any one of the writs. The statute gave him the option to receive the actual expenses of his trip, or the mileage that this trip had earned. He elected to take the actual expenses, and he now seeks to recover two-thirds of the mileage given by the statute, in payment for those very expenses. This is an attempt to recover at the same time the compensation provided for moneys expended, and the moneys themselves. The purpose of the provision which gives the marshal his option to receive his actual expenses or his mileage, undoubtedly, was to protect him against loss in cases where the expenses of serving a writ exceeded the mileage allowed by the statute; but it was never intended to permit him to speculate upon his option, or to recover any part of his mileage after he had elected

to receive the actual expenses that earned this mileage. The expenses of the trip constitute the consideration for the payment of all the mileage earned on all the writs in favor of the government served on that trip. The statute simply gives the marshal the option to surrender all claim to this consideration, and to recover the mileage, or to take back the consideration and forego the mileage; but he cannot recover back the consideration, and then successfully claim any part of the mileage. The result is that section 829, Rev. St., does not authorize the marshal to receive upon one writ the actual expense of the trip on which he served several writs in favor of the government upon different persons, and then to recover his mileage upon the others. The receipt of the expenses is a waiver of all right to the mileage, and the refusal to allow this claim must be affirmed.

6. A claim for travel, in going only, to serve subpoenas for the United States upon persons who were in each case served by the marshal on the same trip, and at the same time and place in another cause, and the marshal was allowed and paid for travel upon one subpoena only. Section 829, Rev. St., provides that "when more than two writs of any kind required to be served in behalf of the same party on the same person might be served at the same time, the marshal shall be entitled to compensation for travel on only two of such writs; and to save unnecessary expense, it shall be the duty of the clerk to insert the names of as many witnesses in a cause in such subpoena as convenience in serving the same will permit." The marshal was clearly entitled, under this provision of the statute, to mileage upon two—and upon only two—subpoenas on each occasion when he served several subpoenas for the government in different cases upon the same person and on the same trip, and to this extent this claim should have been allowed. The judgment below must therefore be reversed and the case remanded, with directions to enter a judgment not inconsistent with the views expressed in this opinion, and it is so ordered.