## DONAHOWER v. UNITED STATES.

(Circuit Court, D. Minnesota, Third Division.   November 21, 1896.)

1. MARSHAL'S FEES—UNNECESSARY PROCESS.
A United States marshal should be allowed the usual fees for serving subpœnas or other process, even when such process is unnecessary or contrary to act of congress, if issued without any connivance or procurement on his part.

2. SAME—MILEAGE—ACT OF MARCH 3, 1893.
A marshal should be allowed mileage for arresting and taking a prisoner before the commissioner issuing the warrant, although there was a nearer officer before whom the prisoner might have been taken, unless such warrant was accompanied by a certified copy of the complaint, as required by act of March 3, 1893.

3. SAME.
The act of March 3, 1893, which deprives a marshal of mileage for not taking a person whom he has arrested before the nearest magistrate, does not deprive him of fees and mileage for transporting such person to jail after conviction.

4. SAME—UNNECESSARY TRAVEL.
A marshal will not be allowed fees for travel, and service of a subpœna on a witness, at a place where there was a deputy to whom the subpœna could have been mailed.

5. SAME—FOOD FOR PRISONERS.
A marshal should be allowed the expense of meals furnished to prisoners while in custody awaiting examination, even though there is a county jail where the prisoners might be fed.

6. SAME—MEALS TO JURORS—CIVIL CASES.
A marshal should be allowed the expense of meals for jurors, and bailiffs in charge of the jurors, in civil actions to which the United States is a party, where it seems probable that the meals were furnished by order of the court.

7. SAME—SENDING A DEPUTY BY ORDER OF THE ATTORNEY GENERAL.
The marshal is entitled to the expense incurred in sending a deputy marshal to accompany troops, by order of the attorney general of the United States.

8. SAME—DISCHARGE OF POOR CONVICTS.
The marshal should be allowed fees for serving orders to produce prisoners for discharge as poor convicts; also for attendance of a deputy upon the commissioner on applications for such discharge, but for one day only.

9. SAME—ATTENDANCE ON APPLICATION FOR BAIL.
A marshal is entitled to $2 for attendance upon a commissioner on application to give bail.

10. SAME—DEPUTIES WITHOUT WARRANT.
Marshals held entitled to actual expenses incurred for deputy marshals in pursuit of a prisoner without warrant.

11. SAME—UNOFFICIAL ACT.
Marshal should not be allowed to charge for unofficial acts which might be performed by a private messenger.

Eugene G. Hay, for plaintiff.
E. C. Stringer, U. S. Dist. Atty.

LOCHREN, District Judge.   The petitioner was United States marshal of the district, appointed in May, A. D. 1890, and holding that office for the term of four years thereafter, and now seeks to recover numerous items of fees and expenses alleged to be due for official services rendered the United States, and expenditures officially incurred by him for the United States, during his incumbency of the said office, all of which items have been disallowed or sus-

pended by the accounting officers of the treasury department. Pursuant to stipulation of counsel, the cause was referred to H. Harcourt Horn, Esq., to hear the testimony and report the facts to the court. The referee performed that duty, and his report was filed December 20, 1895. The case has been submitted to the court upon briefs by counsel. The referee has, in his report, classified the items of petitioner's claim into separate groups, designated by letters or numerals; and as this classification is convenient, and has been adopted by counsel in their briefs, I will, in general, refer to such groupings, instead of the specific items.

1. Counsel agree that the petitioner should be allowed certain items not included in the headings hereinafter particularly mentioned, aggregating the sum of four hundred and fifty dollars and twenty-five cents.                                                          $450.25

### Heading E.

2. The items under this heading aggregate forty-four dollars; comprising the regular charge of fifty cents each for serving eighty-eight subpœnas upon witnesses to testify in the district court on behalf of the United States. These subpœnas were all regularly issued by the clerk of the district court, upon the præcipe of the then district attorney, and placed in the hands of the marshal for service, without any connivance or procurement on the part of the marshal. It is evident that very many of these subpœnas were unnecessary, and issued in disregard of the acts of congress which were enacted to prevent such abuses. One example shows the reckless extent to which this abuse was carried: Nine of these subpœnas were for service upon J. W. Vars, a deputy collector of internal revenue, all requiring his attendance at the same term of court, held in the same federal building in which his office was located. While, upon the showing made, it seems clear that the district attorney was at fault in directing all these subpœnas to issue, contrary to the provisions of the acts of congress, so that, if the claim were made by him for fees for filing the præcipes, it should be disallowed, I am not able to see that the marshal was at fault in serving these subpœnas. He was merely an executive officer, bound to serve all writs and process placed in his hands for service, and appearing to be issued out of the proper court, and regular in form and purport. It did not rest upon him to determine whether there was or was not occasion for issuing any subpœna or other process. He would have no right to assume to judge of such a matter. His plain and simple duty was to serve the process, and he is entitled to the fees—forty-four dollars—claimed under this heading.                                          $44.00

### Heading F.

3. The items under this heading aggregate one hundred and eighty-eight dollars and seventy cents. And each item is for service and mileage, as marshal, in arresting and transporting a prisoner from the place of his arrest to the office of the United States commissioner who issued the warrant, and before whom the warrant was, by its terms, made returnable, although in each case there was a

United States commissioner having his office nearer the place of arrest than the office of the commissioner who issued the warrant. In respect to the first item under this heading, No. 165, the service was performed before the passage of the act of March 3, 1893, which was as follows:

"Provided, that it shall be the duty of the marshal, his deputy or other officer, who may arrest a person charged with any crime or offense, to take the defendant to the nearest circuit court commissioner, or the nearest judicial officer having jurisdiction under the existing laws for a hearing, commitment or taking bail for trial, and the officer or magistrate issuing the warrant, shall attach thereto a certified copy of the complaint, and upon the arrest of the accused, the return of the warrant with a copy of the complaint attached, shall confer jurisdiction upon such officer as fully as if the complaint had originally been made before him; and no mileage shall be allowed any officer violating the provisions hereof."

All the items under this heading, except the first, were for such service and mileage after the passage of this act. As to that first item, No. 165, the act has no application, and it should be allowed. In respect to the other items, it appears from the facts stated by the referee that the arrests were made upon warrants issued in each case by a United States commissioner, and in terms returnable before himself. It is not stated that the commissioner issuing the warrant in any of these cases attached to such warrant a certified copy of the complaint, which would be necessary to confer jurisdiction upon any nearer commissioner or magistrate before whom the marshal might take the person arrested. Without such certified copy of the complaint attached to the warrant, it would be futile for the marshal to take the arrested person before a nearer commissioner or magistrate, as he would be without jurisdiction to hear the matter. The objects of the act above quoted appear to be to prevent the incurring of needless expense, as well as the hardship upon persons arrested, by transporting them unnecessary distances. The marshal would have to obey the warrant in its legal effect, and, if no certified copy of complaint was attached, to give jurisdiction to any other commissioner or magistrate, he would—the warrant so directing—be obliged to take the arrested person before the commissioner who issued the warrant. Any presumption that the commissioner who issued the warrant did his duty as a public officer is offset by the like presumption in favor of the marshal. And, in view of the particularity of the statement of facts by the referee, it is fairly inferable that no certified copies of complaints were attached to these warrants. They were served in the only way in which they could be served, and the marshal should be allowed his fees and mileage, amounting under this heading to one hundred and eighty-eight dollars and seventy cents.                          $188.70

## Heading G.

4. This heading covers a single item for services and mileage in transporting a prisoner from the office of the United States commissioner to the jail where the warrant of commitment, made after preliminary examination, directed the petitioner to deliver the prisoner. The only objection made to the item rests on the admitted fact

that there was a justice of the peace at a locality nearer the place of arrest than the office of the commissioner. The objection is irrelevant. The act of congress which is quoted above does not deprive the commissioner who issued the warrant of jurisdiction to hold the examination, if, notwithstanding there was a nearer magistrate, the arrested person was in fact brought before such commissioner. It only deprives the marshal, in such case, of his mileage connected with the arrest. If, upon such examination, the commissioner commits the prisoner, the marshal must execute the commitment, and for that is entitled to his fees, including mileage. The marshal should be allowed the item fifty-five dollars and twenty cents.                                                           $55.20

### Heading I.

5. What is said in respect to the items under heading F applies equally to the several items grouped under this heading. They amount to the sum of two hundred and eighty-six dollars and forty, cents, and are allowed.                                             $286.40

### Heading J.

6. The items claimed by the petitioner in this case are his fees for service upon his deputy marshals of subpœnas for such deputy marshals as witnesses, which subpœnas were regularly issued by the clerk of the court upon the præcipe of the United States attorney, and placed in the hands of the marshal for service. From the amount of the charge in each case, it is perhaps fairly inferable that the deputies so subpœnaed were present in court, and that the subpœnas were unnecessary. If it were a question of allowing fees to the district attorney for filing the præcipes, such fees should be disallowed. But I am not prepared to say that the marshal, a merely executive officer, has any discretion in respect to a writ or process, regular on its face, put in his hands for service. It does not lie with him to say that such service is unnecessary. He must obey the process of the court, and, should he neglect to do so, he could not defend by alleging that he deemed the service needless. Being obliged to serve the subpœnas, however needlessly procured by the district attorney, his fees therefor, amounting to six dollars and fifty cents, should be allowed.                                          $6.50

### Heading K.

7. What is said in respect to the items under heading J applies equally to the items under this heading. The district attorney appears to have been at fault in causing plurality of bench warrants to issue and be placed in the hands of the marshal for service on the same person at the same time in many instances. Though unnecessary, the marshal had no right to so determine, nor any right to refuse to serve them all, and was entitled to his fees for such service,—thirty-four dollars. It is not the case provided for by section 1030 of the Revised Statutes, where a prisoner is brought into court by order of the court; and, although that section may show that bench warrants were needless in these cases, that was a matter for the district attorney, and not for the marshal, to determine.  $34.00

## Heading L.

8. This item is admitted to be proper, under the decision of the supreme court in U. S. v. Erwin, 147 U. S. 685, 13 Sup. Ct. 443, and its amount—two dollars—is allowed. $2.00

## Heading M.

9. Under the decision in Hitch v. U. S., 66 Fed. 937, the item under this heading must be disallowed.

## Heading N.

10. The two items under this heading are for serving subpœnas issued by a United States commissioner for witnesses in cases pending before him, where the same witnesses had been subpœnaed for the same day in a different case pending before him. The issuing of such subpœnas, and placing them in the hands of the marshal for service, was an apparently needless act requested by the district attorney. But the marshal had no discretion, and it was his duty to serve them, and his fees—three dollars—should be allowed. $3.00

## Heading O.

11. It is conceded that this item should be disallowed, in conformity with the decision in Campbell v. U. S., 13 C. C. A. 128, 65 Fed. 777.

## Heading P.

12. This heading contains five items for mileage and service of subpœnas. In each instance the marshal had for service another subpœna for the same witness, requiring his attendance at the same term of court, and in each instance the marshal has been paid for the service of one subpœna only. It is probable that, under section 877 of the Revised Statutes, it was unnecessary and improper that more than one subpœna should have issued, or been placed in the hands of the marshal for service upon either of these witnesses. But this was not for the marshal to determine, and he was bound to serve as many as were delivered to him for service; and under section 829, Rev. St., as construed in Campbell v. U. S., 13 C. C. A. 128, 65 Fed. 777, he was entitled to his fees, in each case, upon each of the two subpœnas served on the same person. It is only when the number exceeds two that the restriction applies. He should therefore be allowed nineteen dollars and thirty-four cents, claimed under this heading. $19.34

## Heading Q.

13. The single item under this heading was for travel and service of a subpœna on a witness at Duluth, at which place the marshal then had a deputy to whom the subpœna might have been sent by mail. The expense seems to have been unnecessary, and the item is disallowed.

## Heading R.

14. From the findings of the referee, I am not able to see that the services for which the two items under this heading is charged were necessary, and the items are disallowed.

### Heading S.

15. The items under this head are for subsistence furnished prisoners while in the custody of the marshal. The only objection is that such subsistence was furnished elsewhere than in the county jails, although there were county jails in the places where the subsistence was furnished; the prisoners not being committed to such jails, but in custody, awaiting examination. Under such circumstances, it would be unusual and annoying to seek jails for perhaps single meals. The items, amounting to nine dollars, should be allowed. $9.00

### Heading T.

16. This is a single item, appearing somewhat questionable, from the rather vague finding of the referee, and is disallowed.

### Heading U.

17. These items are for service of subpœnas issued by the clerk, upon the præcipe of the district attorney, and placed in the hands of the marshal for service upon prisoners then in jail, awaiting trial or serving sentences. Comment on such action on the part of the district attorney is needless. Although a small matter, it strikingly illustrates the abuses under the fee system. The marshal's duty, however, was to serve the process placed in his hands for service, and his fees, amounting to three dollars, are allowed. $3.00

### Heading V.

18. These two items are for meals furnished prisoners by the marshal. The only objection urged is that the prisoners were committed to jail afterwards, the same day, and that the jailer charged the government for the keep of the prisoners for the entire day. If the jailer charged for and received more than he was entitled to, it is no answer to the claim of the marshal for his proper expenditure of one dollar, which is allowed. $1.00

### Heading X.

19. This item is for service of a warrant of arrest issued by a United States commissioner, and delivered to the marshal for service on a prisoner then confined in jail. For reasons already stated, the marshal's fee of two dollars should be allowed. $2.00

### General Heading D.

### Item 1.

20. This is for moneys paid out by the marshal for meals to jurors in civil actions to which the United States was not a party. The finding of the referee does not express that these meals were furnished by order of the court. The argument of counsel, however, implies the understanding that such was the case; and, as the contrary is very improbable, these items, amounting to seventy-one dollars and fifty cents, are allowed, in accordance with the decision in Campbell v. U. S., above cited. $71.50

## Item 2.

21. This is for money actually expended in sending a deputy marshal, pursuant to instructions of the attorney general of the United States, to accompany troops ordered to Leech Lake reservation to suppress an Indian uprising. It was the duty of the marshal to obey the directions of the attorney general, and this item, amounting to fifty-six dollars, should be allowed. $56.00

## Item 3.

22. The items under this heading are for serving orders producing prisoners, for discharge as poor convicts, before United States commissioners, under section 1042, Rev. St. Such fees were allowed in Hitch v. U. S., 66 Fed. 937, and upon that authority the claim under this heading, amounting to twenty-two dollars and forty-two cents, is allowed. $22.42

## Item 4.

23. The charges under this head are for attendance, upon United States commissioners, of deputy marshals, on application of prisoners for discharge as poor convicts. In respect to some of these instances, the statement in the brief of the district attorney that such charges are for attendance of more than one deputy is not based on any finding of the referee, which is all that is before me. There seems to be no necessity that more than one deputy should attend in such case, nor any probability that such hearing could extend beyond a single day. I think that no charge exceeding two dollars should be allowed for such service, and that, upon the items under this head, the petitioner should be allowed the sum of fourteen dollars. $14.00

## Item 5.

24. This is for attendance on two occasions upon United States commissioner on application to give bail. The claim of four dollars is allowed. $4.00

## Item 6.

25. The small discrepancies in distance which are mentioned in the brief of the district attorney as the bases of two small charges under this heading do not appear in the referee's statement of facts. Such of the other charges as are criticised because the persons arrested were not taken before the nearest judicial officer fall under what has been said in respect to other cases of that kind, or, rather, would, if such facts had appeared in the referee's findings. On the showing, I think the amount claimed under this head—one hundred and sixty-three dollars and thirty cents—should be allowed.
$163.30

## Item 7.

26. The charges under this head are stated to be for actual expenses incurred for deputy marshals in pursuit of prisoner without warrant, and the stipulation of counsel covers those items of charges. The amount of forty-one dollars and fifty cents is therefore allowed. $41.50

## Item 8.

27. The stipulation of counsel last above referred to covers these cases, and, no reason to the contrary appearing, these charges, amounting to thirty-six dollars and fifty cents, are allowed.   $36.50

## Item 9.

28. The remarks last above apply also to the charges for subsistence furnished prisoners, and the charges therefor under this heading, amounting to eight dollars, are allowed.        $8.00

## Item 10.

29. The stipulation that the services for which these two charges were made were rendered, negatives the idea that they were in custody at the place where the court was in session; and the case does not, therefore, fall under section 1030, Rev. St., which, by reasonable construction, only applies to cases of that kind.   No reason being stated affecting the propriety of the charges in respect to amount, they are allowed at thirty-eight dollars.        $38.00

## Item 11.

30. The stipulation referred to above admits that the marshal served the bench warrant for which the charge is made.   The statement in the brief of the district attorney that each warrant was served upon a person then in custody of the deputy marshal is not based on any finding of the referee.   If such were the fact, it would not have excused the marshal from serving the warrant, when placed in his hands for service.   The charge of two dollars is allowed.        $2.00

## Item 12.

31. The same stipulation above referred to admits that the travel charged for under this heading was performed.   The criticisms in the brief of the district attorney in respect to particular charges are not based upon any facts appearing in the report of the referee, which is the only showing before me.   The charges under this heading, amounting to one hundred and sixty-three dollars and seventy-six cents, are allowed.        $163.76

## Item 13.

32. This item is disallowed.   The service charged for does not appear to have been an official act, but one that might have been performed by a private messenger.

## Item 14.

33. Bailiffs in charge of juries must remain, and have the charge and custody of them, while they are at meals ordered by the court as well as at any other time.   Where the court orders a meal for a jury, the order should be construed to include a meal for the bailiff having it in charge as well; and it was needless, and in form, perhaps, improper, to make separate charges for meals of the bailiff under such circumstances.   The amount charged under this heading—sixteen dollars—is allowed.        $16.00

Item 15.

**34.** The charges under this heading are disallowed. The certified copies of indictments and lists of jurors and witnesses should have been handed by the clerk to the counsel for the accused. Such papers are not of a kind requiring the service thereof to be made by a marshal. If he served them, his act would be that of a private messenger, and his return would not be evidence of service.

Such judgment may be entered as is proper, in accordance with this decision.