### SAUNDERS v. UNITED STATES.

(District Court, D. Maine. April 2, 1896.)

No. 17.

1. UNITED STATES MARSHALS — FEES — ATTENDANCE BEFORE COURT AND COMMISSIONER.

A United States marshal is entitled to charge for the attendance of himself and his deputies before United States commissioners on the same days on which the circuit or district courts are in session, and fees for attendance on those courts are charged and paid.

2. SAME—MITTIMUS.

A marshal is entitled to charge fees for the service of warrants of commitment. Saunders v. U. S., 73 Fed. 782, followed.

Geo. E. Bird, for petitioner.
Albert W. Bradbury, U. S. Atty.

WEBB, District Judge. The petition in this case was filed April 15, 1895. Proof of service as required by the statute has been made. The claim of the petition is for fees for attendance of himself and deputies before United States commissioners, and bringing in and guarding prisoners, on the same days that the circuit or the district court was also in session, and fees for attendance on those courts was charged and paid. The time covered by the petition is from February 6, 1890, to March 8, 1894. For the marshal's personal

attendance 89 days, and for that of his deputies 91 days, in all 180 days, at $2 per day are charged, or $360, in the petition as originally filed. By amendment, charges of $4 on July 22, 1891, and $4 on September 19, 1891, are struck out, leaving claimed the sum of $352. The United States has pleaded that the services specified in the petition were never performed, and has also filed a counterclaim or account in set-off to the amount of $504, for moneys before paid to this petitioner, as the United States now contends, improperly, for the service of 252 warrants of commitment during the years 1890, 1891, and 1892, for which it is said no fees were by law allowed. The items included in the petition were never entered in the accounts of the marshal that were presented from time to time to the court, and approved, for the reason that it was understood that such charges would not be allowed; and now the United States contends that the charges are improper.

At the hearing, the government did not contest the actual attendance as charged, except as to four items, viz. November 2, 1891, in the case of Tripp, before Commissioner Bradley, $4; November 14, 1891, case of Rogers, before Commissioner Rand, $2; May 23, 1893, Johnson's case, before Commissioner Bradley, $4; September 21, 1893, case of Carleton et al., before the same commissioner, $4. But the proof is plenary as to all the other items in the petition, and as to the charges of May 23, 1893, and November 14, 1893. The charge of September 21, 1893, is proved to be a mistake of date. The service was actually rendered on the 20th day of September, and is so entered in the officer's calendar. I do not think this mistake is fatal to the petitioner's right to recover for this item. But the charge in Tripp's case, under date of November 2, 1891, for $4, has not been satisfactorily established by the evidence. Tripp, on his arrest, had, before that date, been fully examined by the commissioner, and, upon decision of probable cause, had been ordered to recognize with sureties for his appearance at the next term of the court, to answer, and, for want of recognizance, to stand committed. He failed to recognize, and was committed to jail. Later, he was able to find sureties, and was by the commissioner admitted to bail. The evidence fails to show that the prisoner was brought before the magistrate, or the actual attendance of the officers. This item of $4 is therefore disallowed.

In U. S. v. Erwin, 147 U. S. 685, 13 Sup. Ct. 443, the statute touching fees for the attendance of a district attorney before a commissioner on the same day that he also attended before a court is construed, and the right of the attorney to be paid for both attendances is upheld. The construction of the statute in that case must govern in this. If anything, under the statute, the case of a marshal is clearer than in respect to a district attorney; and the petitioner rightly claims, and is entitled to be paid, the items he has proved, amounting to $348, unless that right is canceled, in whole or in part, by the counterclaim of the government. Of the right of the United States to file a counterclaim, and to judgment upon it when properly proved, McElrath v. U. S., 102 U. S. 426, and U. S. v. Burchard, 125 U. S. 176, 8 Sup. Ct. 832, are conclusive.

The petitioner admits that he has been paid the several sums charged in the counterclaim, for serving warrants to commit. The question, therefore, is the lawful propriety of such charges. In another case of this same petitioner, decided this week (Saunders v. U. S., 73 Fed. 782), I fully and at some length considered the right of the marshal to be paid a statutory fee of $2 for service of a warrant to commit, and sustained the right. It is not necessary to repeat the opinion on this question filed in that case. I adopt what I there said, without qualification. It follows that no part of the United States' counterclaim is established, and the petitioner is entitled to judgment for so much of his demand as he has proved, or $348.

Judgment for the petitioner for $348 and costs is ordered.