CHESTNUT STREET NAT. BANK et al. v. CROMPTON LOOM WORKS.

(Circuit Court of Appeals, Third Circuit. April 15, 1896.)

No. 5.

LANDLORD AND TENANT—DISTRAINT FROM BAILEE—WAIVER OF APPRAISEMENT.
    A bailee of property, distrained for rent under the Pennsylvania laws, has no implied authority to waive, in behalf of the owner, the appraisement, which is an absolute prerequisite to a valid sale of the distrained property. Purd. Dig. 1161. And it is immaterial whether the landlord knows that the goods do not belong to the tenant, for it is his duty to ascertain the facts before accepting from the tenant a waiver of statutory requirements. Briggs v. Large, 30 Pa. St. 287, followed.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was an action at law, by the Crompton Loom Works against the Chestnut Street National Bank and others, to recover the value of certain quilt looms and fixtures, purchased for defendant at a sale of property distrained for rent. The circuit court gave judgment, on a verdict, for plaintiff, in the sum of $3,700, and defendants brought error.

Wm. S. Stenger and R. O. Moon, for plaintiffs in error.
A. S. Ashbridge, Jr., and R. C. Dale, for defendant in error.

Before ACHESON, Circuit Judge, and WALES and GREEN, District Judges.

ACHESON, Circuit Judge. The looms here in controversy were distrained and sold, by virtue of a landlord's warrant, for arrears of rent owing to the landlord by Albert Mitchell, the lessee of the demised premises. At the time of the distress, these looms were the property of the plaintiff in this action, and were in the possession of Mitchell as bailee for hire.

By the settled law of Pennsylvania, the contract under which Mitchell held the looms was, even as against his creditors, a bailment, and not a conditional sale. Ditman v. Cottrell, 125 Pa. St. 606, 17 Atl. 504. This is not seriously questioned by the learned counsel for the plaintiffs in error. The only question presented for our consideration is whether the waiver of appraisement by Mitchell bound the plaintiff. The court below, following Briggs v. Large, 30

Pa. St. 287, held that it did not, and, therefore, that the plaintiff's title was not divested by the sale under the distraint for rent.

The act of assembly of the commonwealth of Pennsylvania of March 21, 1772 (Purd. Dig. 1161), which gives the landlord the right to sell goods seized under a distress for rent, imperatively requires an appraisement of the goods before the sale thereof, and without such appraisement, unless the same is duly waived, the sale is null and void. Kerr v. Sharp, 14 Serg. & R. 399; Briggs v. Large, supra; Brisben v. Wilson, 60 Pa. St. 452; Davis v. Davis, 128 Pa. St. 100, 109, 18 Atl. 514. Here the owner of the goods did not dispense with an appraisement. The waiver relied on was by Mitchell, the tenant of the demised premises. It is not pretended that Mitchell had express authority from the owner of the goods to waive compliance with the requirement of the law. Had he any implied authority to do so? This question must be answered negatively, upon the authority of Briggs v. Large, supra. In that case it was ruled by the supreme court of Pennsylvania that, where goods stored with a warehouseman were distrained for rent due by him, he had no authority to waive an appraisement. There the court said:

"He had no other control over or agency in the property than that which arose out of his relation to it, as bailee, to keep safely, for hire, and to receive and to transmit notice of the distress, as we have already seen, as tenant. This was the utmost extent of his agency."

It is, indeed, urged, as distinguishing the two cases, that here the plaintiff's goods were distrainable, whereas, in Briggs v. Large, the goods being stored, in the course of trade, with a warehouseman, were exempt from distress. But to the latter circumstance no controlling importance was given by the court in deciding Briggs v. Large. The court cited, and recognized as there binding, its previous decision, in Caldcleugh v. Hollingsworth, 8 Watts & S. 302, that, under the statute, the tenant is the agent of the owner of the distrained goods to receive and transmit notice of the distress; and that, if such notice is given to the tenant, the owner must contest the legality of the distress before the property is sold; otherwise, he loses his title, if the other requisitions of the statute are complied with. Now, in Briggs v. Large, the jury found that the tenant had received notice of the distress, so that, in the supreme court, the case turned upon the question of the authority of the tenant to waive appraisement. The court squarely ruled that the tenant's agency was confined to receiving notice of the distress, and that his waiver of an appraisement was a nullity, as against the owner of the goods. Clearly, that determination is applicable to the present case.

There is no force in the suggestion that, in Briggs v. Large, the landlord knew that the goods did not belong to the tenant, while in this case the landlord had no such knowledge. Doubtless, inquiry here would have brought knowledge. If a landlord who distrains upon goods found upon the demised premises, instead of following the requirement of the statute, sees fit to accept from his tenant a waiver of appraisement, he acts at his own risk. He can-

not, by the waiver of the tenant, acquire the right to sell the goods of another; and a sale under such circumstances does not pass the owner's title.

The ruling of the supreme court of Pennsylvania in Briggs v. Large, we think, is controlling, and is decisive against the plaintiffs in error. The judgment of the circuit court, therefore, is affirmed.