UNITED STATES v. DILL.

(Circuit Court of Appeals, Third Circuit. March 18, 1898.)

No. 2.

1. UNITED STATES MARSHALS—FEES—ATTENDANCE BEFORE COMMISSIONER.
   A marshal is entitled to fees for attendance by deputy at examinations before a commissioner, though the deputy was paid for attendance on the same day on the district or circuit courts. 78 Fed. 614, affirmed.

2. SAME—RETURNS OF NIHIL HABET.
   A marshal having made a charge of 40 cents each for returns of nihil habet, and it appearing that in the state practice two such returns were treated as equal to a service, held, that the charge should be allowed. 78 Fed. 614, affirmed.

3. SAME—ATTENDANCE ON SUNDAY.
   The marshal is entitled to a fee for necessary attendance on court on Sunday, though the judge was not actually present. 78 Fed. 614, affirmed.

4. SAME—COMPENSATION FOR GUARDS.
   The marshal is entitled to be reimbursed, as a contingent expense, for money actually paid for guards for prisoners attending court. 78 Fed. 614, affirmed.

5. SAME—MILEAGE.
   The marshal is not entitled to mileage in going to serve warrants of removal and commitment, where he has been paid 10 cents per mile for transportation of the prisoner on the same warrant at the same time. 78 Fed. 614, reversed.

6. SAME—SERVING WARRANTS OF COMMITMENT.
   The marshal is not entitled to fees for serving warrants of commitment. 78 Fed. 614, reversed.

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

This was a petition by Catharine S. Dill, sole executrix of the last will and testament of Andrew H. Dill, deceased, praying judgment against the United States for the sum of $758.16, claimed as due to her for services rendered by Andrew H. Dill as a marshal of the United States for the Eastern district of Pennsylvania. In the circuit court judgment was given for plaintiff in the sum of $754.86, with costs. 78 Fed. 618. The United States thereupon sued out this writ of error. In the court below counsel for the respective parties submitted the following statement:

It is agreed that the charges for mileage, expenses, and rendition of services set forth in the petition filed are correct; that the expenses were actually paid, and the said services were actually rendered. It is further agreed that all the items in the petition filed, both for expenses incurred and fees earned, were embodied in the various accounts of the said Andrew H. Dill, deceased, during the years mentioned in the said petition, which said accounts were examined and passed upon by the then United States district attorney, and formally approved by this court. The various items of claim set forth in the said petition are grouped in the schedule hereto attached:

(1) Amount earned, and not received, for attending by deputy at examinations before a commissioner during years 1887 and 1888, $328. A United States marshal is entitled to charge for the attendance of himself and his deputies before United States commissioners on the same days on which circuit or district courts are in session, and fees for attendance on these courts are charged and paid. Saunders v. U. S., 73 Fed. 792; U. S. v. Kerns. Counsel for the United States contends that said deputies were not entitled to said pay, for the reason that, on the days for which they charge for attendance before United States commissioners, they were actually paid attendance upon the district and circuit courts as bailiffs; that duplicate per diems are not authorized; and, further, that the treasury department has disallowed the charges embraced in this particular item of claim. It is, however, admitted that similar charges for attendance of deputy marshals under the same circumstances were subsequently allowed to Marshal Dill during the years 1889 and 1890, and have been allowed by the treasury department up to the present time.

(2) Amount earned, and not received, for travel in going only to serve warrants of removal and warrants of commitment during the years 1887, 1888, 1889, and 1890, $141.18. This charge is authorized by paragraph 25, § 829, Rev. St., viz.: "For travel in going to serve any process warrant, attachment or other writs six cents a mile to be computed," etc. If the disallowance is because a charge has been made for transportation of the prisoner, this is not a valid reason. Paragraph 20 of section 829 provides, "for transporting criminals ten cents a mile for himself and for each prisoner and necessary guard." In the case of Tanner v. U. S. (decided in the court of claims in 1889) 25 Ct. Cl. 68 (a case in point), Judge Davis said: "It appears that for fifteen years the accounting officers consistently construed the statute as authorizing the payment to the marshal of the two fees,—one for travel in the service of a warrant of commitment; the other for transporting the criminal named in the warrant. The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration, and ought not to be overruled without cogent reasons." The court found as conclusions of law that the claimant recover the sum of $128.16 fees for mileage. In the case of U. S. v. Kerns, U. S. Dist. Ct., Aug. Sess. 1888, No. 4, this court allowed services for return mileage where marshal has secured or delivered a prisoner pursuant to warrant of arrest or removal. Harmon v. U. S., 43 Fed. 560. Counsel for the United States contends that this item of claim is unauthorized, as the statutes nowhere allow a marshal six cents per mile in addition to the ten cents per mile for transportation on the same warrant at the same time. The treasury department disallowed this item for this reason.

(3) Serving warrants of commitment in 1887, 1888, and 1889, $60. Saunders v. U. S., 73 Fed. 782, 792. A mittimus for the commitment of a prisoner is a warrant, for the service of which on such prisoner the marshal is entitled, under Rev. St. § 829, to a fee of $2. In these cases writ was served upon the prisoner,

not upon the jailer. In U. S. v. Kerns, supra, the court allowed defendants charges for fees for temporary commitments. Also, see Turner v. U. S., 19 Ct. Cl. 629; Heyward v. U. S., 37 Fed. 764; Hoyne v. U. S., 38 Fed. 542. Counsel for the United States contends that the claim in this item was disallowed by the treasury department for the reason that the writ was served upon the jailer, and not upon the defendants. This item is composed of charges for service of warrants of commitment upon defendants where there was more than one defendant. The fee allowed by law for executing a warrant of commitment where two or more persons are committed under the same warrant is $2.

(4) Travel. Deputy marshal in 1887 to serve at Richmond, Franklin county, 190 miles, at 6 cents, making a total of $11.40. Of this amount, $5.04 allowed, being for 84 miles' travel from Harrisburg, where writ was issued,—$6.36. Having no deputy at Harrisburg at the time the warrant was issued, the commissioner forwarded warrant to Marshal Dill, at Philadelphia. The distance traveled was necessary to serve writ. The route taken was the most direct. The evident intention of congress was to give the officer 6 cents a mile for every mile actually and necessarily traveled, by the most direct, practical route, in going to serve the writ. In U. S. v. Kerns, supra, this court entertained a question regarding the services of venires kindred to the above, in principle, and awarded full claim of mileage. Counsel for the United States states that the original claim was for $11.40. Of this amount, the treasury department allowed the sum of $5.04, being the mileage from Harrisburg, where the warrant was issued, to Richmond, where it was served, and disallowed the mileage from Philadelphia to Harrisburg, for the reason that section 829, Rev. St., only allows a marshal mileage from the place where the warrant is served to the place where it was returned.

(5) Total amount of mileage earned, and not received, for travel in going only to serve jury summons during 1887–1888, $24.82. Section 829, par. 25, before quoted, provides: "For travel in going only to serve any process, warrant attachment or other writ, * * * six cents a mile. * * * But where more than two writs of any kind required to be served in behalf of the same party on the same person might be served at the same time, the marshal shall be entitled to compensation on only two of such writs." The jury summonses in question were all served upon different persons, and there is nothing in this paragraph restraining or controlling the journeys of the marshal or deputies in performing his duty. The mileage was clearly and legally earned. Saunders v. U. S., 73 Fed. 783, and Harmon v. U. S., 43 Fed. 560, decide that a marshal may charge for travel upon two or more writs, against different persons, served at the same time and place. This court allowed this claim in U. S. v. Kerns, supra. Counsel for the United States contends that this is double mileage; that the marshal is only allowed for travel in service of one writ, although there may be a number in his hands, and served by him at the same time and place.

(6) Andrew H. Dill claims, for attendance as marshal upon the United States circuit court for the Eastern district of Pennsylvania on the 16th day of October, 1887, earned, but not received, $5. This was Sunday, and is a claim for actual attendance on court in charge of a jury that was deliberating on a verdict. Counsel for the United States contends that October 16, 1887, was Sunday; that from the records it appears that the case of Green v. Pennsylvania R. Co., No. 2. April Sess., 1887, was given to the jury on the preceding Saturday; and that on the day in question (October 16th) the jury were still deliberating, and their verdict was received on the following day (October 17th).

(7) Total amount actually paid to guards in charge of United States prisoners while in attendance on court during 1887 and 1888, and not received from the United States, $92. Section 830, Rev. St., provides that the marshal shall be paid, among other items, "his expenses necessarily incurred for fuel, lights and other contingencies that may accrue in holding courts within this district." During the years 1887 and 1888 there was no cage for the keeping of prisoners during the period of attendance upon court awaiting trial. It was absolutely necessary that the prisoners ordered up from the county prison should be guarded. This item represents money actually paid by the marshal, and the cause for the expenditure is certainly a contingency, within the meaning of the section above quoted. Counsel for the United States contends that no such charge for payment to guards is provided by the fee bill.

86 F.—6

(8) Amount earned, and not received, for serving warrants to apprehend in 1888 and 1889, $6. This item represents two cases. In U. S. v. Mull, $2. This was disallowed upon the claim that there were two warrants, and defendant was in custody by virtue of the first, already executed. There were two warrants issued by the commissioner, and the marshal took the defendant in custody on both of them, and so returned the warrants. The defendant might have been discharged on one of the warrants, and held on the other. Therefore the marshal was entitled as much to the service of one as the other. In the other case, U. S. v. Brennah ($4), service was made on three persons. Service on one was allowed; service on the other two, disallowed. The right of the marshal to receive for each and every person served has already been discussed. Rev. St. § 829, par. 25. Counsel for the United States states that this item was disallowed by the treasury department for the reason that there were three cases in which the marshal served two warrants at the same time on the same defendants. The department allowed for service of one warrant only in each case, and refused to allow for the other, contending that one warrant was sufficient to apprehend the defendants.

(9) Total amount of actual expenses incurred in endeavoring to arrest, and not received, during the year 1889, $3.30. The actual expense was $5.30. All over and above $2 disallowed. This represents money actually paid out by the marshal in necessary expenses, and this court sustained such a claim in the case of U. S. v. Kerns. Counsel for the United States states that this is a charge for actual expenses incurred in endeavoring to make arrest, for which the fee bill provides but the sum of $2. The department allowed the $2, but disallowed the $3.30, as being an excess charge. See "Fee Bill," Rev. St. § 829.

(10) Total amount earned, and not received, for serving warrants, etc., on indigent convicts, in accordance with section 1042, $34.70. Allowance suspended until it is shown that there was a contest, and what proceedings were had to constitute a contest. This character of claim is allowed by the court in the case of Saunders v. U. S. Counsel for the United States states that this item was disallowed by the treasury department, which contended that there was no necessity for bringing the convict before the commissioner on a warrant, as the commissioner could give the indigent convicts hearings while confined in jail. It is, however, admitted that similar charges were subsequently allowed by the department, and are still allowed.

(11) Charge for making 132 returns (at 40 cents) of nihil habet as to defendants in writs of scire facias to revive judgment and continue lien, in 1889 and 1890, $52.80. Disallowed. Explanation desired as to the amount for each return, 40 cents, and as to the meaning of "return nihil habet." The government is placed in the same position by two returns of nihil habet as if the writ had been actually served. It is the practice of the sheriffs of the counties of the state to charge the same fees for two returns of nihil habet to a sci. fa. as for one service. This charge of 40 cents was made in conformity to the law of the state. In U. S. v. Kerns, supra, the court allowed fees claimed by defendant for services in endeavoring to arrest when no service was made. Counsel for the United States claims this item was disallowed as unauthorized by the treasury department, and that technically such returns are, of course, no service upon the defendants. Nevertheless he admits that, as upon two returns of nihil habet on the same defendant, the United States was placed in the same position as to such services as if actual services had been made, and for which the marshal would have been entitled to a fee of $2 for each service.

(12) Total amount earned, and not received, for the service of subpœnas in 1888, $4. These charges suspended to know if prosecution was upon indictment. Certificate of district attorney was attached to the marshal's explanation, and there is no reason why this item should have been disallowed. Counsel for the, United States states that the treasury department disallowed the same for the reason that the witnesses had already been subpœnaed in another case for attendance upon court for the same days, and therefore there was no need of service of subpœna the second time.

## The assignments of error were as follows:

First. The court erred in allowing the plaintiff the sum of $328; being the amount claimed in item No. 1, as set forth in the statement of facts agreed upon

by the respective counsel for plaintiff and defendant. Second. The court erred in allowing the plaintiff the sum of $141.18; being the amount claimed in item No. 2, as set forth in the statement of facts agreed upon by the respective counsel for plaintiff and defendant. Third. The court erred in allowing the plaintiff the sum of $60; being the amount claimed in item No. 3, as set forth in the statement of facts agreed upon by the respective counsel for plaintiff and defendant. Fourth. The court erred in allowing the plaintiff the sum of $5; being the amount claimed in item No. 6, as set forth in the statement of facts agreed upon by the respective counsel for plaintiff and defendant. Fifth. The court erred in allowing the plaintiff the sum of $92; being the amount claimed in item No. 7, as set forth in the statement of facts agreed upon by the respective counsel for plaintiff and defendant. Sixth. The court erred in allowing the plaintiff the sum of $52.80; being the amount claimed in item No. 11, as set forth in the statement of facts agreed upon by the respective counsel for plaintiff and defendant. Seventh. The court erred in awarding judgment for the plaintiff in the sum of $754.86, the aggregate of items of claim allowed in the opinion filed by the court, together with plaintiff's costs. Eighth. The court erred in allowing the entry of judgment against the defendant and in favor of the plaintiff in the sum of $754.86, together with $7.50 costs.

Michael F. McCullen, for the United States.

H. Meriam Allen, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BRADFORD, District Judge.

DALLAS, Circuit Judge. Upon petition of the executrix of Andrew H. Dill, deceased, late marshal of the Eastern district of Pennsylvania, praying judgment against the United States for the sum of $758.16, claimed to be due for services rendered and disbursements made by said Andrew H. Dill as such marshal, the district court entered judgment in favor of the plaintiff for the aggregate amount of several of the items claimed. Eight errors have been assigned, the first six of which relate, respectively, to certain of the items which were allowed, and the last two of which are of a general character, and need not be separately considered. The first and sixth are not sustained. As to the items to which they relate, we approve the action of the court below, for the reasons stated in its opinion. The fourth specification objects to the allowance of a fee of five dollars for the marshal's attendance upon a jury on October 16, 1887. The service rendered was an absolutely necessary one, but, being Sunday, the judge was not actually present; and it is contended that therefore the marshal was not entitled to compensation, because, as is argued (Rev. St. § 829), the court was not then "in session." In our opinion, this view of the effect of the statute is not a reasonable one. We hold, for the purposes of this case, that the necessary suspension of the business of the court during Sunday is not to be regarded as a termination of its session, and that the essential duty which in this instance was performed by the marshal upon that day is within the provision of the fee bill, which will be found in the section of the Revised Statutes to which we have referred. The fifth error assigned is to the allowance by the court of "amount actually paid guards of United States prisoners while attending courts." We think that the view taken of this matter by the learned judge is correct. The charge was not for fees, but for a contingent expense needfully incurred, and therefore within the terms of section 830 of the Revised Statutes, as the court below has suffi-

ciently shown. The second and third specifications must be sustained, upon the authority of U. S. v. Tanner, 147 U. S. 661, 13 Sup. Ct. 436, and U. S. v. McMahon, 164 U. S. 87, 17 Sup. Ct. 28. It is ordered that this cause be remanded to the district court, with direction to modify its judgment in pursuance of this determination. No costs in this court are allowed to either party.