LOVERING v. UNITED STATES.

(District Court, D. Massachusetts. September 2, 1902.)

No. 578.

1. MARSHAL'S FEES—ATTENDANCE OF DEPUTY.

A marshal is entitled to charge for the attendance of a deputy before a United States commissioner, though the same person is paid the same day for attendance as bailiff before federal courts.

2. SAME—UNNECESSARY PROCESS.

It not being for a marshal to determine whether there is occasion for issuing process, he may charge for a service of a warrant for arrest when the defendant is already under arrest for another offense, and service of subpœnas to witnesses already summoned to attend in another case on the same day; the process being placed in his hands for service, and appearing to be issued out of the proper court, and regular in form and purport.

3. SAME—DISCHARGE.

A marshal may charge for a discharge where defendants were committed for nonpayment of a fine and it was paid the same day.

4. SAME—COMMITMENT.

A marshal may charge for a commitment where defendant is already under arrest on another warrant.

5. SAME—TRAVEL.

A marshal is allowed for travel on the service of each warrant when not more than two are served on the same defendant for the same party on the same day.

6. SAME—TRANSPORTATION.

A marshal, for transportation on orders to bring in defendants or witnesses, or to take them back to jail, will be allowed only actual expenses.

7. SAME—VENIRE FOR JURY.

The marshal is entitled to $2 for each venire, the aggregate not to exceed $50 at any term, for bringing in grand and petit jurors.

8. SAME—BRINGING IN POOR CONVICTS.

A marshal may charge for travel and transportation and for attendance in bringing in poor convicts before a commissioner under Rev. St. U. S. § 1042.

9. SAME—COPIES OF LIBELS.

A marshal is entitled to the customary charges at the rates charged for such services by officers of the state courts for copies of libels in admiralty, for services on newspapers, and for posting; the service of copies being required by order of court.

10. SAME—MILEAGE.

The existence of a continuous line of railroad between two points, on which a train occasionally runs, which line is shorter than that ordinarily used, does not limit the marshal, in charging for mileage between such points, to the length of such line.

11. SAME—DISCHARGE OF WITNESS.

As a marshal who has a person in his custody on lawful process must either commit or discharge him, and the fee is the same in either case, a charge for discharging witnesses taken under a warrant to remove and turn them over to another marshal should not be disallowed on the ground that there was no discharge.

12. SAME—COSTS.

Costs were not allowed the marshal on a petition for the allowance of charges disallowed by the comptroller, a considerable number of charges originally made by the marshal and disallowed by the comptroller having been abandoned by the marshal in his amended petition.

James F. Sweeney, for petitioner.
Henry P. Moulton, U. S. Atty.

LOWELL, District Judge. This is a petition for the allowance of the charges of a former marshal of the United States for this district, which charges were disallowed by the comptroller. The matter could be disposed of summarily were it not that chapter 359, Acts 1887, § 7 (24 Stat. 505), makes it "the duty of the court to give a written opinion to be filed in the cause." The items in controversy are conveniently grouped under the following heads:

1. Charges for the attendance of a deputy before the United States commissioner, where the same person was paid the same day for attendance as bailiff before the United States district and circuit courts. These charges are allowed upon the authority of Dill v. U. S. (D. C.) 78 Fed. 614; Saunders v. U. S. (D. C.) 73 Fed. 792, affirmed U. S. v. Dill, 29 C. C. A. 586, 86 Fed. 79; U. S. v. McMahon, 164 U. S. 81, 17 Sup. Ct. 28, 41 L. Ed. 357; U. S. v. Saunders, 120 U. S. 126, 7 Sup. Ct. 467, 30 L. Ed. 594. The amount of these charges is $22.

2. Charges for the services of a warrant for a different offense, when the defendant was already under arrest, and service of subpœnas to witnesses already summoned to attend in another case on the same day. It is the duty of the marshal to serve all processes "placed in his hands for service, and appearing to be issued out of the proper court, and regular in form and purport." It did not rest with him to determine whether there was or was not occasion for issuing any subpœna or other process. Donahower v. U. S. (C. C.) 77 Fed. 153; U. S. v. Harmon, 147 U. S. 268, 279, 13 Sup. Ct. 327, 37 L. Ed. 164. The amount of these charges is $14.12.

3. Charges for discharge where defendants were committed for payment of a fine and fine was paid the same day. These charges should be allowed, and also two charges for commitment where defendant was already under arrest upon another warrant. The sum of these charges is $10.50.

4. Charges for travel and transportation in cases where more than one warrant was served upon the same defendant at the same place on the same day. Travel is allowed upon the service of each warrant when not more than two are served upon the same defendant in behalf of the same party on the same day. The sum of these charges is $1.92.

5. Transportation on orders to bring in defendants or witnesses or to take them back to jail. The actual expenses of carriage hire, etc., were allowed. The further charge for "transportation" must be disallowed. The sum of these charges is $30.20.

6. Fees paid to constables for distributing venires for bringing in grand and petit jurors at various terms of court. It is well settled, not only by decisions in the district courts, but by the supreme court of the United States, that the marshal is entitled to charge $2 for each venire, the aggregate of such charges not to exceed $50 at any one term of court. Harmon v. U. S. (C. C.) 43 Fed. 563, affirmed 147 U. S. 268, 13 Sup. Ct. 327, 37 L. Ed. 164. These charges amount to $295.

7. Charges for travel and transportation and for attendance in bringing poor convicts before a commissioner under section 1042. These charges should be allowed. Hitch v. U. S. (D. C.) 66 Fed. 937; Saunders v. U. S. (D. C.) 73 Fed. 791. The sum of these charges is $7.80.

8. Charges for copies of libels in admiralty for service on newspapers, for posting notices, etc. These charges were customary, and were at the rates charged for such services by officers of the state courts. The service of copies was required by order of the court. The sum of these charges is $10.

9. Charges for mileage disallowed because in excess of the sums properly chargeable for the distances traveled. The marshal charged according to the table of distances adopted by the Massachusetts house of representatives. At the time these charges were made the department of justice had not adopted any official mileage schedule, and the one used had been in use in the marshal's office since 1878. One item of the disallowance was from Boston to Brooklyn, N. Y., the distance charged being 240 miles. The comptroller allowed but 222 miles, being the distance reckoned by the "Air Line," so called. But the Air Line was not the road commonly or conveniently used for passage between Boston and New York at the time the charge was made. Only one or two trains then ran over it each day, and passenger traffic between the two cities was ordinarily carried on by the Shore Line or by the Springfield Line. Because there exists a continuous line of railroad upon which a train occasionally runs, and this line is shorter than that ordinarily in use, it does not follow that mileage is to be computed according to the former, rather than the latter. The sum of these charges is $10.96.

10. The charge of $1 for the discharge of two witnesses taken to New York under a warrant to remove, and turned over to the marshal of the Eastern district of New York. The comptroller disallowed this charge on the ground that there was no discharge. The charge is allowed, as a marshal who has a person in his custody upon lawful process must either commit or discharge him. The fee in either case is the same.

Many of the objections thus disposed of are of a "frivolous and vexatious nature," as was said in Harmon v. U. S. (C. C.) 43 Fed. 560. See same case on appeal, U. S. v. Harmon, 147 U. S. 268, 282, 13 Sup. Ct. 327, 37 L. Ed. 164. Costs are not allowed the marshal, because a considerable number of charges originally made by the marshal and disallowed by the comptroller have been abandoned by the former in his amended petition, and so are not dealt with in this opinion. In going through the numerous items the court has been greatly assisted by the discrimination of the assistant district attorney. It is to be regretted that the comptroller is without the advice of some lawyer like him, of competent knowledge and common sense. Such advice would save honest creditors of the United States from disheartening delay, and the court from a burden of needless litigation. The government is not protected from unjust claims by the postponement and refusal of payment upon technicalities of which a private employer would not avail himself. A method which savors of sharp practice does not pro-

tect the government from ill-founded claims, but rather begets them, and soon becomes more costly than that prompt discharge of liabilities which is customary among men of business.